Robert E. RANDOLPH, John Allen Johnson, Frances E. Johnson, George Waegell, Plaintiffs,

v.

William WHEELER, Alfred M. Nittle, Francis J. McNamara, Edwin W. Willis, August E. Johansen, William M. Tuck, Defendants.

No. 63-815.

United States District Court
S. D. California, C. D.

Oct. 22, 1963.

A. L. Wirin, Fred Okrand, Phillip Chronis, Los Angeles, Cal., for plaintiffs.

Francis C. Whelan, U. S. Atty., Donald A. Fareed, James R. Dooley, Asst. U. S. Attys., Los Angeles, Cal., for defendants.

CURTIS, District Judge.

Plaintiffs sue for damages alleging that the defendants, all of whom are members of the Un-American Activities Committee, have caused the plaintiffs' names and the fact that they had been subpoenaed to appear before the Un-American Activities Committee to be published in the press, prior to their appearance. Rule XVI of the Committee prohibits the release of such information before the witness appears. Defendants move to dismiss on several grounds, one of which is that the complaint fails to state a claim upon which relief can be granted. This appears to be a valid ground, and upon this ground the motion to dismiss is granted.

No federal cause of action arises for abuse of power by a federal official. Suits for damages for abuse of power by federal officials are governed by state law, Wheeldin v. Wheeler, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605.

Under state law the publication of names of persons subpoenaed to appear before the Un-American Activities Committee is justifiable as dissemination of news and news events and does not constitute an unwarranted invasion of privacy. Carlisle v. Fawcett Publishing, Inc., 1962, 201 Cal.App.2d 733, 20 Cal. Rptr. 405. Certainly this would be true in any publication by a newspaper, and if a publication by a newspaper is not an invasion of the right of privacy, then a release of the news by the defendants to the press cannot be. Rule XVI is a rule made by the Committee and although it may be made for the protection of those who are to appear before the Committee, there is no cause of action either under state or federal law for damages resulting from a violation of it.

The complaint is, therefore, dismissed.