**J. M. FIELDS OF ANDERSON, INC. and Enterprise-J. M. Fields, Inc., Appellants,**

v.

**The KROGER CO., Appellee.**

**No. 20881.**

United States Court of Appeals Fifth Circuit.

April 15, 1964.

Warren J. Kaps, Jersey City, N. J., William C. Calhoun, Augusta, Ga., for appellants, Stein Kripke & Rosen, New York City, of counsel.

Robert C. Norman, Augusta, Ga., Robert F. Mitchell, Cincinnati, Ohio, for appellee, Hull, Willingham, Towill & Norman, Augusta, Ga., of counsel.

Before MARIS,* GEWIN and BELL, Circuit Judges.

PER CURIAM.

The appellee in 1961 brought suit against the appellants in the District Court for the Southern District of Georgia to restrain them from operating a

* Of the Third Circuit, sitting by designation.

grocery store or supermarket as part of a variety department and discount self-service store which they were conducting in a shopping center in Augusta, Georgia. The appellee operated a grocery store or supermarket in the same shopping center and its lease provided that the lessor would not lease any other nearby area in the shopping center for use as a store for retail business such as that of appel-lee. The complaint charged that a portion of the appellants' department store was being operated as a food supermarket in violation of the appellee's rights under its lease of which the appellants had notice. After a preliminary hearing, the district court issued a temporary injunction enjoining the appellants from operating a grocery store or supermarket. On appeal we affirmed the order granting the temporary injunction. 5 Cir. 1962, 310 F.2d 562.

Subsequently the appellants moved for final judgment against themselves, informing the district court that they no longer desired to contest the action and consented to making the temporary injunction a permanent one. After a hearing at which the parties proposed forms of judgment the district court entered the judgment proposed by the appellee which enjoined the appellants from operating on the leased premises a grocery store or supermarket and "from permitting the sale of food for off-premises consumption except the sale of crackers, candies and nuts." The appellants have appealed from this final judgment asserting that the court erred in including in it the above quoted clause, because it gives the appellee greater relief than is demanded by the complaint.

We see no merit in the appellants' contention. It is clear that the inclusion of the quoted language served to make the preceding general language of the injunction more specific and precise, thus reducing the likelihood of future violations and contempt proceedings. The framing of an injunction appropriate to the facts of the case was a matter peculiarly for the discretion of the district judge sitting as a chancellor. We cannot hold that he abused his discretion in this case.

The judgment of the district court will be affirmed.