the Legislature to decide in the first instance.

Since the District Court has retained jurisdiction of the cause, we deem it appropriate to suggest that any further hearings with respect to plaintiffs' Complaint should not be held until the official results of the 1970 decennial census have been published, and until the Legislature has had a reasonable opportunity to act in the light of these new population figures and this Opinion.

The Order of the District Court will be reversed, and the Mandate of this Court will issue forthwith.

**Alvin Robert ALEXANDER, Appellant,**

v.

**The CALIFORNIA COURT DIRECTOR OF CORRECTION, ADULT AUTHORITY, Appellee.**

**No. 24599.**

United States Court of Appeals, Ninth Circuit.

Nov. 6, 1970.

Alvin Robert Alexander, in pro. per.

Thomas C. Lynch, Atty. Gen., John T. Murphy, James A. Aiello, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before KOELSCH, CARTER, and HUFSTEDLER, Circuit Judges.

PER CURIAM:

Alexander appeals from an order denying him leave to file a Civil Rights Act complaint in forma pauperis, charging that the Adult Authority's power to redetermine his sentence violates his constitutional rights.

We hold that the district court did not abuse its discretion in denying Alexander leave thus to proceed. Alexander's complaint did not allege facts sufficient to constitute a claim for relief under the Civil Rights Act. (Weller v. Dickson (9th Cir. 1963) 314 F.2d 598, cert. denied, 375 U.S. 845, 84 S.Ct. 97, 11 L.Ed.2d 72.) No facts are averred even suggesting that the Adult Authority's actions in suspending or revoking his parole were arbitrary. (Dunn v. California Department of Corrections (9th Cir. 1968) 401 F.2d 340.) No federal constitutional questions are raised by the complaint. (Sturm v. California Adult Au-

thority (9th Cir. 1967) 395 F.2d 446.) Moreover, a civil rights action under 42 U.S.C. § 1983 does not lie against an administrative agency. (Monroe v. Pape (1961) 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed. 2d 492.)

The order is affirmed.