**Jesse ROOTS, Plaintiff-Appellant,**

**v.**

**J. A. CALLAHAN, Inspector in Charge of Post Office Department, Defendant-Appellee.**

No. 72-3589

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 20, 1973.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co., of New York et al., 5 Cir. 1970, 431 F.2d 409.

1. It is settled that a suit will not lie under 42 U.S.C.A. § 1983 against a federal official acting under color of federal law.

Jesse Roots, pro se.

John L. Briggs, John D. Roberts, Asst. U. S. Attys., Jacksonville, Fla., J. A. Callahan, Postal Inspector in Charge, Atlanta, Ga., for defendant-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

Jesse Roots, a prisoner of the State of Florida, filed a pro se complaint in the district court seeking a declaratory judgment against J. A. Callahan, Inspector in Charge, United States Postal Service. Roots sought an order to compel Callahan to investigate interference with his postal service.

The district court, construing the complaint as an action under 42 U.S.C. § 1983, felt that the alleged interferences were within the institution and that therefore an action against the Inspector would not lie since he relinquished custody and control of the mail when delivered to the prison. Roots filed a pro se petition for rehearing, in which he reemphasized his contention that the abuses were being committed outside the confines of the institution in which he was incarcerated. The district court denied the petition for failure to establish grounds for recovery.

A pro se petition should not be dismissed unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

We are of the opinion that the district court erred in construing the complaint as a civil rights action.[1] The gravamen of the complaint was the re-

See Norton v. McShane, 332 F.2d 855, 862 (5th Cir., 1964); Betha v. Reid, 445 F.2d 1163, 1164 (3rd Cir., 1971); Williams v. Rogers, 449 F.2d 513, 517 (8th Cir., 1971).

fusal of the postal inspector to conduct an investigation into alleged mail obstructions occurring outside the prison walls, not a claimed abuse of censorship by the prison officials. Nonetheless the dismissal must be affirmed.

While jurisdiction could be grounded on 28 U.S.C. § 1339 and 39 U.S.C. § 409, a writ of mandamus would not lie to compel the postal inspector to perform a discretionary duty of investigation.[2]

The judgment of the district court is affirmed.

2. The record indicates that the inspector exercised his initial nondiscretionary duty by notifying Roots of his decision not to investigate.