Robert E. SYKES, Appellant,

v.

STATE OF CALIFORNIA (DEPARTMENT OF MOTOR VEHICLES) et al., Appellees.

No. 72–1753.

United States Court of Appeals, Ninth Circuit.

May 1, 1974.

Frank J. Testa (argued), Mezzetti & Testa, San Jose, Cal., for appellant.

Leonard M. Sperry, Jr., Deputy Atty. Gen. (argued), Antonio M. Bautista, San Francisco, Cal., H. R. Lloyd, Jr. (argued), Hoge, Fenton, Jones & Appel, San Jose, Cal., for appellees.

## OPINION

Before MERRILL and ELY, Circuit Judges, and LINDBERG,* District Judge.

ELY, Circuit Judge:

This appeal arises from the dismissal with prejudice of the appellant Sykes' First Amended Complaint, on the ground that the complaint failed to state a claim for which relief could be granted.[1] The action, which sought injunctive relief and damages against a wide variety of defendants, was brought under the Civil Rights Statutes, 42 U.S. C. §§ 1983, 1985. Although Sykes' allegations are too numerous to state fully, essentially five separate "claims" were attempted to be stated.

First, Sykes alleged that Hoover, a representative of the Department of Motor Vehicles, and Salle, a deputy district attorney, began investigating Sykes with the intention of driving him out of business. Sykes claimed that Hoover, district attorney Bergna, and deputy district attorney Salle forced him to stipulate to an injunction by threatening him

with criminal prosecution for four hundred counts of false advertising unless he so stipulated. The injunction permanently barred Sykes from engaging in retail sales of automobiles and ordered withdrawn his license to sell automobiles at retail.

Second, Sykes claimed that Hoover, the Department of Motor Vehicles, district attorney Bergna and deputy district attorneys Salle and Convery refused to release the injunction in order to allow Sykes to sell "trailers" at retail and that they misrepresented to Sykes that the order withdrawing his license would not affect his right to secure a license to sell motor vehicles at wholesale.

Third, the complaint alleged that Bergna, Salle, Hoover, and Ascue, allegedly Sykes' business partner, conspired falsely to arrest and imprison Sykes and maliciously to prosecute Sykes for violating the injunction against retail selling.

Fourth, Sykes claimed that he was again maliciously prosecuted, falsely arrested, and falsely imprisoned by Bergna, Convery, Salle, Hoover, Ascue, Bank of America, and Wilson, Ascue's attorney. Sykes' allegation was based on a criminal complaint which had been filed against him for three counts of grand theft, arising from non-payment of his obligations to the Bank of America for financing transactions involving three automobiles. Sykes was acquitted of these criminal charges.

The fifth and final claim alleged that Wilson, Ascue, Morris Plan, Bank of America, Salle, now acting as a private attorney for Morris Plan, and Azlant, Ascue's trustee in bankruptcy, wrongfully instituted civil proceedings against Sykes to have him adjudged responsible as Ascue's partner for debts arising from their business partnership.

The elements necessary to constitute a claim under Section 1983 were

* Honorable William J. Lindberg, Senior United States District Judge, Seattle, Washington, sitting by designation.

1. F.R.Civ.P. 12(b)(6).

stated by our court in Cohen v. Norris, 300 F.2d 24 (9th Cir. 1962). We there held that an action under Section 1983 requires the plaintiff to allege facts which show: (1) That the defendants have acted under color of state law or authority;[2] (2) that the defendants have deprived the plaintiff of a right, privilege, or immunity secured by the Constitution and laws of the United States, Cohen v. Norris, *supra* at 30. Of course, when a conspiracy is charged under Section 1983, there must also be a showing that the defendants conspired or acted jointly or in concert and that some overt act must have been done in furtherance of the conspiracy. Hoffman v. Halden, 268 F.2d 280, 292–294 (9th Cir. 1959).

Under Section 1985, a plaintiff is required to allege: (1) That the purpose of the conspiracy was to deprive the plaintiff of equal protection, equal privileges and immunities, or to obstruct the course of justice in the state; (2) that the defendants intended to discriminate against the plaintiff; (3) that the defendants acted under color of state law and authority; (4) that the acts done in furtherance of the conspiracy resulted in an injury to the plaintiff's person or property or prevented him from exercising a right or privilege of a United States citizen. Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971); Skolnick v. Campbell, 398 F.2d 23 (7th Cir. 1968); Hoffman v. Halden, 268 F.2d 280 (9th Cir. 1959).

In light of the nature of Sykes' "claims" and the lack of clarity with which they were presented, we cannot conclude that the trial judge abused his discretion in refusing to grant the appellant a second leave to amend his complaint and in dismissing his claims with prejudice. The facts alleged by Sykes indicate that a second leave to amend would have served no purpose, since the acts complained of could not constitute a claim for relief under either Section 1983 or 1985 even if Sykes had stated his claims with greater particularity.

Several of the persons named in the complaint are immune from civil suit for their alleged actions, as those actions were taken in the course of their official duties. First, the district attorneys named as defendants are all protected in this case by the doctrine of quasi-judicial immunity. As we wrote in Robichaud v. Ronan, 351 F.2d 533, 536 (9th Cir. 1965), the key to immunity as a prosecutor is whether "the acts, alleged to have been wrongful, were committed by the officer in the performance of an integral part of the judicial process." As long as a district attorney is acting within that scope, or is authorized by law to do the act complained of, then he is immune from civil liability for those acts. Marlowe v. Coakley, 404 F. 2d 75 (9th Cir. 1968). Typical situations wherein quasi-judicial immunity exists, regardless of the existence of malice, include the filing of criminal complaints, the institution of proceedings for the arrest or search of persons suspected of criminal activities, the drawing of indictments and informations, and similar intrinsically prosecutorial functions. Robichaud v. Ronan, *supra* at 537. Thus, Sykes cannot sue the district attorneys for false arrest,

---

2. In order to show that the defendants were acting "under color of state law" it is not necessary to allege that the action taken was authorized by the state; however, facts must be stated showing that the defendants were clothed with the authority of the state and were purporting to act thereunder. *See* Adickes v. S. H. Kress & Co., 398 U.S. 144, 150, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Marshall v. Sawyer, 301 F.2d 639 (9th Cir. 1962); Oller v. Bank of America, 342 F. Supp. 21 (D.C.Cal.1972); Sostre v. Rocke-

feller, 312 F.Supp. 863 (D.C.N.Y.1970). In order for private persons to be held liable under the Civil Rights Statutes, the plaintiff must show that the private defendants are willful participants in joint activity with the state or its agents. Geudry v. Ford, 431 F.2d 660 (5th Cir. 1970); Wallach v. Cannon, 357 F.2d 557 (8th Cir. 1966); Cole v. Smith, 344 F.2d 721 (8th Cir. 1965); Stambler v. Dillon, 302 F.Supp. 1250 (D.C.N.Y. 1969).

false imprisonment, or malicious prosecution arising out of the prosecutor's filing, or agreeing to abandon, criminal charges against him. Agnew v. Moody, 330 F.2d 686 (9th Cir. 1964); Harmon v. Superior Court, 329 F.2d 154 (9th Cir. 1964); Sires v. Cole, 320 F.2d 877 (9th Cir. 1963); Kenney v. Fox, 232 F. 2d 288 (9th Cir. 1956); Yaselli v. Goff, 12 F.2d 396 (2d Cir. 1926). *See also* Barr v. Matteo, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959). As to Sykes' claim that Bergna and Salle misrepresented to him that the injunction would not prevent him from selling automobiles at wholesale, there is no allegation that Sykes ever attempted to sell automobiles at wholesale or was prevented from doing so. Instead, Sykes attempted to obtain a license to sell "trailers" at retail, and the district attorneys were well within their discretionary powers in refusing to request the court to remove the injunction so as to allow Sykes to engage in retail selling.

■ Sykes' claims against both Hoover and California's Department of Motor Vehicles are equally defective on the ground of immunity. In Silver v. Dickson, 403 F.2d 642 (9th Cir. 1968), our court held that immunity extends not only to public employees engaged in quasi-judicial functions, such as district attorneys, but also to public employees acting within the scope of their discretionary duties and official functions. Bennett v. People of the State of California et al., 406 F.2d 36, 39 (9th Cir. 1969); Hoffman v. Halden, *supra* at 300. Since it was within Hoover's discretionary power to grant or refuse licenses to sell motor vehicles, his motives are considered immaterial for purposes of suit under the Civil Rights Statutes. Hoffman v. Halden, *supra* at 300; Selico v. Jackson, 201 F.Supp. 475, 478 (S.D.Cal. 1962). *See* O'Campo v. Hardisty, 262 F.2d 621 (9th Cir. 1958); Cooper v. O'Connor, 69 U.S.App.D.C. 100, 99 F.2d 135 (1938); Comment, Civil Liability of Subordinate State Officials Under The Civil Rights Acts and the Doctrine of Official Immunity, 44 Calif.L.Rev. 887 (1956); Note, The Doctrine of Official Immunity Under the Civil Rights Acts, 68 Harv.L.Rev. 1229 (1955). Furthermore, for purposes of Section 1985, Sykes failed to allege facts tending to show that Hoover was intentionally or purposefully discriminating between Sykes and other classes of persons. Griffin v. Breckenridge, *supra*; Bricker v. Crane, 468 F.2d 1228 (1st Cir. 1972); Hoffman v. Halden, *supra*; Grison v. Logan, 334 F.Supp. 273 (D.C.Cal.1971).

■ The State of California Department of Motor Vehicles is not a "person" within the meaning of the Civil Rights Statutes and is thus also immune from suit under those statutes. Since Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961) in which the Supreme Court decided that municipalities were not subject to suits based upon the Civil Rights Act, our court has not allowed governmental units to be sued under either Section 1983 or Section 1985. Williford v. People of the State of California, 352 F.2d 474, 476 (9th Cir. 1965) stated the rationale for granting immunity to the state from civil rights suits:

"A municipal corporation is but a political subdivision of a state, and if a state's political subdivisions are not 'persons' under the statute, then neither is the state."

And in Bennett v. People of the State of California et al., *supra* at 39, we held:

". . . state agencies such as the California Adult Authority and the California Department of Corrections, which are but arms of the state government, are not 'persons' within the meaning of the Civil Rights Act."

*See also* Alexander v. The California Director of Correction, Adult Authority, 433 F.2d 360, 361 (9th Cir. 1970); Allison v. California Adult Authority, 419 F.2d 822 (9th Cir. 1969); Clark v. Washington, 366 F.2d 678 (9th Cir. 1966). These cases have established that a civil rights action under Sections 1983 or 1985 will not lie against an ad-

ministrative agency of a state, such as the Department of Motor Vehicles.

 As to Sykes' claims against Wilson, Ascue, Azlant, Bank of America, Morris Plan, and Salle, none of the amended complaint's allegations state facts tending to show that any of these defendants acted "under color of state law or authority," as both Sections 1983 and 1985 require. Collins v. Hardyman, 341 U.S. 651, 71 S.Ct. 937, 95 L.Ed. 1253 (1951); Marshall v. Sawyer, 301 F.2d 639, 646 (9th Cir. 1962); Cohen v. Norris, *supra*.[3] Nor is this defect remedied by Sykes' allegation that these private individuals were allegedly conspiring with state officials who *were* acting under color of state law. Private persons cannot be held liable for conspiracy under the Civil Rights Statutes if the other conspirators are state officials who are themselves immune to liability under the facts alleged. Haldane v. Chagnon, 345 F.2d 601, 604–605 (9th Cir. 1965); Stambler v. Dillon, 302 F. Supp. 1250 (S.D.N.Y.1969). The immunity of the district attorneys, Hoover, and California Department of Motor Vehicles therefore prevents Sykes from maintaining suit against the private defendants on the ground that they conspired with state officials acting under color of state law. Furthermore, as to Sykes' claims against these defendants based on Section 1985, there is no showing of the racial or class-based discrimination essential to the successful prosecution of a claim under that Section. In Griffith v. Breckenridge, *supra* at 102, the Supreme Court held:

"The constitutional shoals that would lie in the path of interpreting §

1985(3) as a general federal tort law can be avoided by giving full effect to the congressional purpose—by requiring, as an element of the cause of action, the kind of . . . invidiously discriminatory animus behind the conspirators' action. The conspiracy, in other words, must aim at a deprivation of the equal enjoyment of rights secured by the law to all." (Footnotes omitted).

Sykes' complaint is typical of an increasing number of actions brought under the Civil Rights Statutes, whereby a plaintiff seeks to vindicate solely state law claims by peppering his allegations with frequent, vague references to due process and equal protection. To cases such as Sykes' the language of the District Court in Shakespeare v. Wilson, 40 F.R.D. 500, 504 (S.D.Cal.1966) is particularly applicable:

". . . on scrutiny it is often revealed that a plaintiff is trying to use the Civil Rights Act as a way of 'appealing' a state court judgment, or . . . is trying to raise solely state law claims, e. g., false imprisonment or malicious prosecution."

The dismissal of the amended complaint by the District Court was correct.

Affirmed.

MERRILL, Circuit Judge (concurring):

I concur in the result. Save for general conclusory and argumentative allegations of deprivation of equal protection and due process, no basis for a claim of violation of civil rights appears for the complaint on file. Plaintiff was

---

3. In Schatte v. International Alliance of Theatrical Stage Employees and Moving Picture Machine Operators of the U.S. and Canada, 182 F.2d 158 (9th Cir. 1950), our court held that a private person who makes representations to a state official, even in a report required by law, is not acting "under color of law" within the meaning of the Civil Rights Statutes. Thus, the alleged involvement of the private defendants in instigating Sykes' prosecution on criminal charges is irrelevant

for purposes of stating a claim under the Act. Similarly, Sykes' claims regarding the proceedings against him in federal bankruptcy court do not meet the requirement that the defendant's action be done "under color of state law." See Roots v. Callahan, 475 F.2d 751 (5th Cir. 1973); Williams v. Rogers, 449 F.2d 513 (8th Cir. 1971); Randolph v. Wheeler, 223 F.Supp. 260 (D.C. Cal.1963).

granted one opportunity to amend after which it appeared to the district court that no civil rights violation could successfully be alleged. I agree that suit should be dismissed under these circumstances and appellant relegated to the state courts for his remedies.