**Alice Louise MILLER, et al., Appellants,**

v.

**Tim CURRY, District Attorney, Tarrant County, et al., Appellees.**

No. 18586.

Court of Appeals of Texas,
Fort Worth.

Nov. 25, 1981.

Rehearing Denied Dec. 16, 1981.

Patrick Emmett Clarke, West Texas Legal Services, Fort Worth, Joe James Sawyer, Colorado Springs, Colo., for appellants.

Tim Curry, Dist. Atty. and Frederick M. Schattman, Asst. Dist. Atty., Lipscomb, Zachry & Kearney, and Cue Lipscomb, Fort Worth, for appellees.

Before JORDAN, HUGHES and RICHARD L. BROWN, JJ.

## OPINION

JORDAN, Justice.

Appellants originally sued Tim Curry, District Attorney for Tarrant County, Texas, and Louis Barnett, an assistant District Attorney for Tarrant County, Texas, in their official capacities for damages alleged as a result of violation by the defendants of the plaintiff's civil rights under 42 U.S.C.A. § 1983, the Fourteenth Amendment to the Constitution of the United States, and the Texas Wrongful Death Statute, Tex.Rev. Civ.Stat.Ann. art. 4671, et seq. (1952). By six special exceptions defendants contended that plaintiffs had failed to state any cause of action for violation of their civil rights under either 42 U.S.C.A. § 1983 or the Texas Wrongful Death Statute. The trial court sustained all six special exceptions and gave plaintiffs thirty days to amend their pleadings.

Within the thirty days plaintiffs amended their petition, suing both Curry and Barnett in their individual capacities as well as official capacities, for damages for violation of their civil rights under 42 U.S.C.A. § 1983, and the First and Fourteenth Amendments to the Constitution of the United States. This petition added as parties defendant the Cities of Fort Worth and Haltom City, the police departments of both cities, the police chiefs of both cities, and unnamed individual police officers of both cities. In this petition plaintiffs dropped their previously asserted action under the Texas Wrongful Death Statute.

Thereafter, the trial court severed the cause of action against Curry and Barnett and again sustained defendant's two special exceptions to the asserted cause of action under Federal Law, and dismissed the case on the ground that plaintiffs had failed to state a cause of action. This appeal followed.

The appellants here are surviving children of Mary Wynell Miller, deceased, and Geral Murrell, deceased, and the suit was maintained by a relative of each deceased woman as the next friend of the minor children of each deceased woman. Both women were shot to death, Mrs. Miller by her husband after she had filed suit for divorce, and Mrs. Murrell by her former husband, after weeks and months of being threatened, terrorized, and abused. Before their deaths, both women had visited the office of the district attorney, seeking protection in some unspecified form from the violent and threatening acts of the husband and former husband. Appellants' amended petition did not specify the assistance sought from the office of the district attorney but simply alleged that each woman sought protection against the husband and former husband and that in each instance such assistance was refused.

Appellants alleged that the refusal of assistance for each woman was the result of a planned, arbitrary, and capricious office policy which unconstitutionally deprived these women and appellants of their constitutional rights and equal protection of the law. It was alleged that both women were killed because the district attorney failed and refused to protect them. It was also alleged that in both cases the refusal of the district attorney to protect them violated the women's rights under 42 U.S.C.A. § 1983, to equal protection of the law under the Fourteenth Amendment, and to petition the government for redress of a grievance under the First Amendment. However, appellant's brief only urges denial of rights under 42 U.S.C.A. § 1983.

On appeal appellant raises two points of error: 1, that the trial court erred in dismissing appellant's cause of action because appellants do have a protected right under 42 U.S.C.A. § 1983, and 2, that the trial

court erred in dismissing the case against the appellees for failure to state a cause of action because there is no absolute prosecutorial immunity.

Since the case was dismissed by the trial court on the pleadings because appellants failed to state a cause of action, it is necessary that this court assume that all material factual allegations are true. *Wheeler v. White*, 398 S.W.2d 93, (Tex.1965). We therefore assume, for purpose of this appeal only, that there was, during the time in question, a policy in the Tarrant County district attorney's office to invariably and consistently fail and refuse to prosecute cases of physical abuse or violence done to women, and particularly, as appellants claim, to "battered wives."

Our discussion will center on appellant's second point of error, that the trial court erred in dismissing the cause of action because there is no absolute prosecutorial immunity. This is the central issue, because even if there was a cause of action alleged in appellant's amended petition under 42 U.S.C.A. § 1983, for violation of civil rights, it would fail if, as appellees contend, state prosecutors are absolutely immune from civil liability for damages under 42 U.S.C.A. § 1983 for the initiation and prosecution of criminal cases.

There has long been a common law immunity for prosecutors from civil actions for malicious prosecution based on an indictment and prosecution which results in an acquittal of the accused. The first American case to address the question of a prosecutor's amenability to such an action was *Griffith v. Slinkard*, 146 Ind. 117, 44 N.E. 1001, 1896. The complaint there was that a local prosecutor, without probable cause, and with malice, added the plaintiff's name to a grand jury true bill after the grand jurors had refused to indict him. The Supreme Court of Indiana dismissed the action on the ground that the prosecutor was absolutely immune. The Supreme Court of the United States reached the same result in a similar case against a special assistant to the Attorney General of the United States for maliciously and without

probable cause procuring plaintiff's grand jury indictment by the willful introduction of false and misleading evidence. It was held that the immunity is absolute and is grounded on principles of public policy. *Yaselli v. Goff*, 275 U.S. 503, 48 S.Ct. 155, 72 L.Ed. 395.

The common-law immunity of a prosecutor is based upon the same considerations that underlie the common-law immunities of judges and grand jurors acting within the scope of their duties. These include concerns that harassment by unfounded litigation would cause a deflection of the prosecutor's energies from his public duties, and the possibility that he would shade his decisions instead of exercising the independence of judgment required by his public trust.

The same considerations of public policy that dictate the common-law rule also mandate and require absolute immunity under 42 U.S.C.A. § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128. In this case the court held that a state prosecutor who acted within the scope of his duties in initiating and pursuing a criminal prosecution and in presenting the state's case was absolutely immune from a civil suit for damages for alleged deprivations of the defendant's constitutional rights under 42 U.S.C. § 1983. Moreover, the court held that such absolute immunity from liability pertained even where the prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information or failed to make full disclosure of all facts casting doubt upon the state's testimony.

The Supreme Court in *Imbler, supra*, reasoned that if a prosecutor had only a qualified immunity, the threat of § 1983 suits would undermine performance of his duties to at least the same extent that the threat of common-law suits for malicious prosecution would. The court said: "A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court. The public trust of the prosecutor's office would suffer if he were constrained in making every decision by the consequences in terms of his own potential liability in a suit for damages.

Such suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the State's advocate.... Further, if the prosecutor could be made to answer in court each time such a person charged him with wrongdoing, his energy and attention would be diverted from the pressing duty of enforcing the criminal law." *Id.* at 424, 425, 96 S.Ct. at 992, 993.

The rule of absolute immunity for prosecutors officially engaged in their duties of initiating and prosecuting criminal complaints has prevailed in the Federal Courts before and since the ruling by the Supreme Court in *Imbler, supra.* See *Turack v. Guido,* 464 F.2d 535 (3rd Cir. 1972); *Sykes v. State of California (Dept. of Motor Vehicles),* 497 F.2d 197, (9th Cir. 1974); *Prince v. Wallace,* 568 F.2d 1176 (5th Cir. 1978); *Henzel v. Gerstein,* 608 F.2d 654 (5th Cir. 1979); *Cook v. Houston Post,* 616 F.2d 791 (5th Cir. 1980).

In *Robichaud v. Ronan,* 351 F.2d 533, (9th Cir. 1965), it was said that the key to immunity as a prosecutor is whether "the acts, alleged to have been wrongful, were committed by the officer in the performance of an integral part of the judicial process." In *Sykes, supra,* the test for determining whether the questioned acts of the prosecutor are within the sphere of his official duties and are thus immune from civil liability is well articulated. "Typical situations wherein quasi-judicial immunity exists, regardless of the existence of malice, include the filing of criminal complaints, the institution of proceedings for the arrest or search of persons suspected of criminal activities, the drawing of indictments and informations, and similar intrinsically prosecutorial functions." *Id.* at 200.

■ In applying this well established and clearly defined law of absolute immunity for prosecutors engaged in their official capacities, as stated in *Robichaud, supra,* and *Sykes, supra,* as well as *Imbler, supra,* and other cases cited herein, we have no difficulty in holding that the veteran trial judge in this case did not err in dismissing appellant's cause of action.

While appellants complain of the district attorney's inaction, or failure to perform his official duties, instead of overt action in prosecuting, which was the basis for the suits against the prosecutors in all of the cases cited herein, we see no distinction. The same reasons of public policy for prosecutorial immunity prevail. As was said in *Imbler, supra,* the threat of § 1983 suits would undermine performance of the prosecutor's duties. If the prosecutor in this case had to look over his shoulder in fear of potential personal liability every time he refused to file, investigate, and prosecute criminal charges, his effectiveness as an independent public official would be drastically curtailed and impaired. He would, in this event, be constrained to file all manner of groundless criminal complaints which he ordinarily, in the exercise of sound discretion, would refuse to pursue. Also, if the prosecutor were not immune, in this instance, suits for civil damages could be expected with considerable frequency from disgruntled, frustrated citizens whose complaints and grievances the prosecutor, in exercising his best judgment, chose not to file and prosecute. His time, energies and resources would be seriously affected.

For the reasons stated, appellant's second point of error is overruled.

■ With respect to appellant's first point of error, that it was error for the trial court to dismiss their cause of action because they did assert rights protected under 42 U.S.C.A. § 1983, this point also is overruled. Even assuming the truth of the allegations therein contained, we find that the appellant's amended petition failed to state a cause of action under § 1983. The petition contained many broad conclusions, all of which, even if true, taken together did not present actionable rights of appellants which were violated by these two appellees. Moreover, regardless of our holding on appellant's first point of error, and even if the pleadings did state a cause of action, it would not be maintainable against these appellees for the reasons discussed under the second point of error.

The judgment of dismissal of the trial court is affirmed.