891 F.2d 294
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eddie Joe BUSH, Plaintiff-Appellant,
v.
Frank L. SULLIVAN, et al., Defendant-Appellee.
Eddie Joe BUSH, Plaintiff-Appellant,
v.
Kenneth O. EIKENBERRY, Defendant-Appellee.
 No. 86-4297.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 1, 1989.*
Decided Dec. 5, 1989.
 
 Before BROWNING, KOZINSKI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bush filed a complaint under 42 U.S.C. § 1983 alleging five King County, Washington judges conspired to convict and imprison him illegally. He moved to amend his complaint by adding the Washington State Board of Prison Terms and Paroles and the Department of Judicial Administration. The district court denied the motion to amend and dismissed the complaint on the ground the defendants were immune from suit under section 1983.
 
 
 3
 Bush later filed another section 1983 complaint, in which he alleged the Washington Attorney General was responsible for the illegal revocation of Bush's parole. The district court dismissed the complaint on the ground of prosecutorial immunity. Bush appealed both dismissals. We consolidated the two appeals and now affirm.
 
 
 4
 Judges are immune from suit for damages under 42 U.S.C. § 1983 "for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 356 (1978) (quotation omitted); accord Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (en banc). An act is judicial when, as here, "it is a function normally performed by a judge [and the parties] dealt with the judge in his judicial capacity." Stump, 435 U.S. at 362. The district court did not err in dismissing Bush's suit against the King County judges.
 
 
 5
 It was error to deny Bush's motion to amend as no responsive pleading had been served and Bush had a right to amend his pleadings once "as a matter of course." Fed.R.Civ.P. 15(a). We may, however, affirm the district court on "any basis fairly supported by the record." Kelson v. City of Springfield, 767 F.2d 651, 656 (9th Cir.1985).
 
 
 6
 The district court did consider the merits of Bush's proposed amended complaint adding the parole board and the Department of Judicial Administration, and apparently denied the motion because amendment would not have saved Bush's complaint from dismissal. Parole board officials enjoy immunity when deciding whether to grant or revoke parole, Sellars v. Procunier, 641 F.2d 1295, 1302-03 (9th Cir.1981), as do state administrative agencies when they act "within the scope of their discretionary duties and official functions," Sykes v. California, 497 F.2d 197, 201 (9th Cir.1974), and there was no allegation that they did not. Because the amendment would not have saved the complaint, we affirm.
 
 
 7
 The district court properly dismissed Bush's second section 1983 action. "[P]rosecutors are absolutely immune from civil suits alleging wrongdoing with regard to post-litigation ... handling of a case." Demery v. Kupperman, 735 F.2d 1139, 1144 (9th Cir.1984).
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3