Shedrick STEWART, Plaintiff,

v.

**BURLINGTON NORTHERN SANTA FE RAILROAD, et al., Defendants.**

No. C97–0027L.

United States District Court,
W.D. Washington.

Jan. 5, 1999.

Shedrick Stewart, Seattle, WA, pro se.

David M. Reeve, Kroschel & Gibson, Bellevue, WA, for Defendants.

### ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEYS AND EXPERT WITNESS FEES

LASNIK, District Judge.

Defendants have filed a motion seeking an award of attorney and expert witness fees in the above-captioned matter. Plaintiff has not responded.

■ Pursuant to 42 U.S.C. § 2000e–5(k), "[i]n any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee (including expert fees) as part of the costs...." The attorney fee provision is intended to enable individuals to obtain competent counsel and to relieve successful claimants of the financial burden of such fees. *See, e.g., Rosenfeld v. S. Pacific Co.,* 519 F.2d 527, 529–30 (9th Cir.1975); *Copeland v. Marshall,* 594 F.2d 244, 249–50 (D.C.Cir.1978); *Parker v. Califano,* 561 F.2d 320, 330 (D.C.Cir.1977); *EEOC v. Local Union No. 3,* 416 F.Supp. 728, 734 (N.D.Cal.1975). In light of such purposes, courts have applied different standards when considering fee applications from prevailing plaintiffs than when considering similar motions from prevailing defendants. *See, e.g., Silver v. KCA, Inc.,* 586 F.2d 138, 143 (9th Cir.1978); *Bugg v. Int'l Union of Allied Indus. Workers of Am.,* 674 F.2d 595, 600 (7th Cir.), *cert. denied,* 459 U.S. 805, 103 S.Ct. 29, 74 L.Ed.2d 43 (1982). Although prevailing plaintiffs are generally permitted to recover attorney's fees unless special circumstances make such an award unjust, courts award attorney's fees to prevailing defendants sparingly for fear of deterring plaintiffs from risking an action under Title VII. *See, e.g., EEOC v. Bruno's Restaurant,* 13 F.3d 285, 287 (9th Cir.1993); *Dosier v. Miami Valley Broadcasting Corp.,* 656 F.2d 1295, 1301 (9th Cir. 1981).

There is, however, no statutory reason for prohibiting the grant of attorneys fees to prevailing defendants.[1] Courts have held that where a plaintiff's claim was frivolous, unreasonable, or groundless when filed, or was continued after it had clearly become so, prevailing defendants may recover the needless expenses that they were forced to incur in defending such a meritless action. *See, e.g., Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *Nat'l Org. for Women v. Bank of Calif., Nat'l Ass'n,* 680 F.2d 1291, 1293 (9th Cir.1982).

■ The Court finds that the majority of plaintiff's claims were brought without an arguable basis in law or fact. Plaintiff's claims regarding his 1993 termination and the incidents that occurred prior to June 14, 1995, were dismissed as time-barred, and plaintiff's allegations of discriminatory harassment and failure to promote could not be considered by a federal court because such incidents were not included in plaintiff's EEOC charge. *See Green v. Los Angeles County Superintendent of Schools,* 883 F.2d 1472, 1475–76 (9th Cir.1989). Plaintiff had in his possession all information necessary to determine that such claims were not viable, and yet filed them anyway. In addition, plaintiff has failed to allege any state action that could be the basis of his 42 U.S.C. §§ 1983 and 1985 claims (*see Sykes v. California,* 497 F.2d 197, 199–200 (9th Cir.1974); *Craft v. Vanderbilt Univ.,* 18 F.Supp.2d 786, 790 (M.D.Tenn.1998)), or any facts that could support his conclusory allegations of conspir-

---

1. 42 U.S.C. § 2000e–5(k) simply refers to "the prevailing party."

acy under 42 U.S.C. § 1985 (*see Suttles v. U.S. Postal Serv.*, 927 F.Supp. 990, 1002 (S.D.Tex.1996)). The fact that plaintiff was pro se does not give him license to ignore the various elements of his claims or to force defendants to respond to invalid causes of action.

■ Defendants seek an award of $22,640 in attorney's fees and $3,465 in expert fees. The attorney's fee requested represents the number of hours reasonably expended on behalf of defendants (283 hours) multiplied by a reasonable hourly rate ($80/hour). *See Pennsylvania v. Del. Valley Citizen's Council for Clean Air*, 478 U.S. 546, 106 S.Ct. 3088, 92 L.Ed.2d 439 (1986). Although the Court finds these fees reasonable, a review of the financial information provided by plaintiff with his motions for appointment of counsel has convinced the Court that an award of $22,640 would severely injure plaintiff's ability to support himself. *See Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir.1987) (district court may consider the financial resources of plaintiff in considering a fee award to a prevailing defendant). "While an award of attorney's fees for a frivolous lawsuit may be necessary to fulfill the deterrent purposes of … 42 U.S.C. § 2000e–5(k), the award should not subject the plaintiff to financial ruin." *Miller*, 827 F.2d at 621.

After considering the above, the fact that plaintiff has not responded to defendants' application for fees, and the recent Order granting defendants costs in the amount of $1,854.20, the Court, in its discretion, hereby ORDERS plaintiff to pay defendants $1,000 in attorney's fees pursuant to 42 U.S.C. § 2000e–5(k).