**John Russell SEWALD, Plaintiff,**

v.

**PYATT & SILVESTRI, CHTD, et al., Defendants.**

**No. C00–2733 BZ.**

United States District Court, N.D. California.

March 29, 2001.

John Russell Sewald, San Leandro, CA, pro se.

Ronald E. Mallen, Ann L. Strayer, Hinshaw & Culbertson, San Francisco, CA, for Pytatt & Silvestri, Chtd., James P.C. Silvestri.

Jocelyn Burton, AUSA, Office of the U.S. Attorney, San Francisco, CA, for U.S. Postal Service.

## ORDER GRANTING SUMMARY JUDGMENT

ZIMMERMAN, United States Magistrate Judge.

On March 28, 2001, the motion of the United States Postal Service [hereinafter the "Postal Service"] to dismiss plaintiff's complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or in the alternative for summary judgment under Federal Rule of Civil Procedure 56,

came on for hearing.[1] Plaintiff appeared on his own behalf. Assistant United States Attorney Jocelyn Burton appeared on behalf of the Postal Service.[2]

Plaintiff's action arises from a Nevada lawsuit in which he is involved with the previously dismissed defendants. In his complaint, plaintiff alleges that he received in the mail a return receipt requested card addressed to him from the law firm of Pyatt & Silvestri, indicating that he had sent the firm something in the mail, when he had not. Plaintiff contacted the firm numerous times in an attempt to determine the contents of the mailing, to no avail. He then contacted the Postal Service. Postal Service Inspector Bonnie Bone evaluated plaintiff's initial report, determined that the incident did not warrant further investigation and so advised plaintiff. Plaintiff then wrote to numerous other government officials, including Postmaster General William Henderson and Attorney General Janet Reno, to urge investigation of the incident. When these requests were unsuccessful, plaintiff sued the law firm, several of its members, and the Postal Service in this court. The other

defendants were dismissed by Judge Hamilton before this case was reassigned to me; the Postal Service is the sole remaining defendant.

The thrust of plaintiff's complaint is his request for an order pursuant to 28 U.S.C. § 1361 compelling the Postal Service to investigate the matter.[3] Plaintiff also seeks damages *should* he suffer any "property interest, monetary interest, judicial interest or like detriment" as a result of the Postal Service's failure to investigate, as well as costs and attorney fees should he need to retain an attorney.[4]

In its moving papers the Postal Service misinterpreted plaintiff's complaint as being one for monetary relief; the thrust of the Postal Service's argument was that plaintiff had failed to exhaust his remedies under the Federal Torts Claims Act 28 U.S.C. §§ 1346(b), 2671–2680, and that in any case that Act bars claims for misdirected mail. Defendant failed to address plaintiff's principal request, that the Postal Service be compelled to investigate the incident.

I ordered supplemental briefing on this point. In its one page supplemental brief,

---

1. Defendant's motion relies on matters outside the pleadings, specifically the declaration of Postal Inspector Bonnie Bone, to support its argument that the Postal Service cannot be compelled to investigate plaintiff's complaint. Evidence outside the pleadings cannot generally be considered in deciding a rule 12(b)(6) motion. *Farr v. United States*, 990 F.2d 451, 454 (9th Cir.1993). As it relies on matters outside the pleadings, defendant's motion is converted into a Rule 56 motion for summary judgment. *See* Federal Rule of Civil Procedure 12(b).

2. The parties consented to the jurisdiction of a United States Magistrate Judge for all proceedings including entry of final judgment pursuant to 28 U.S.C. § 636(c).

3. Because the plaintiff is a *pro se* litigant, this court must be careful to construe his complaint liberally. *Haines v. Kerner*, 404 U.S.

519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). I construe plaintiff's request that the Postal Service be compelled to conduct an investigation as seeking a writ of mandamus under 28 U.S.C. § 1361 "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

4. To the extent that plaintiff requests monetary relief in the event his pending Nevada lawsuit is adversely affected by this issue, that claim is unripe. "A federal court normally ought not resolve issues "involv[ing] 'contingent future events that may not occur as anticipated, or indeed may not occur at all.' " " *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572 (9th Cir.1996), quoting *Thomas v. Union Carbide Agricultural Prod. Co.*, 473 U.S. 568, 580–581, 105 S.Ct. 3325, 87 L.Ed.2d 409 (1985). In any event, this claim would be subject to the government's Tort Claims Act arguments.

the Postal Service cited no authority supporting its assertion that the Postal Service had no duty to investigate plaintiff's concerns. The Postal Service argued that 39 CFR part 233 and 39 CFR part 224.3 describe the functions of the Postal Inspection Service, and that the absence of any provision requiring the agency to investigate in this circumstance relieves them of any such obligation. The Postal Service filed a declaration of Postal Service Inspector Bone, describing the discretion she exercised in determining not to investigate plaintiff's concerns.

Mandamus is an "extraordinary" remedy, and the decision to grant it is discretionary with the trial court. *Fallini v. Hodel,* 783 F.2d 1343, 1345 (9th Cir. 1986). Mandamus is only available when "(1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available." *Id.* (quotations and internal citations omitted).

Plaintiff's claim fails to meet, at minimum, the second requirement.[5] Plaintiff has not cited any authority, and the court has found none, that the Postal Service has a mandatory obligation to investigate his concerns. The regulations cited by the government describe the duties of the Postal Service Postal Inspection Service, which include carrying out investigations. 39 CFR § 224.3(3)-(5). The language of these regulations does not state that the Postal Service's duty to investigate is mandatory. The only case to consider the Postal Service's duty to investigate has concluded that the Service has discretion to determine whether to conduct an investigation. *See Roots v. Callahan,* 475 F.2d 751, 752 (5th Cir.1973). This is consistent with other cases which have refused to order agencies to investigate matters over

which they have jurisdiction. *See, e.g., Agunbiade v. U.S.,* 893 F.Supp. 160 (E.D.N.Y.1995) (FBI); *Whittle v. Moschella,* 756 F.Supp. 589 (D.D.C.1991) (FBI); *Merlin Development Company v. Federal Home Loan Bank,* 1985 WL 4001 (E.D.Pa. 1985). *See generally Heckler v. Chaney,* 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985).

The declaration of Inspector Bone describes the criteria utilized by the Postal Service Postal Inspection Service in determining whether to initiate an investigation. These criteria include the dollar amount at issue, the number of alleged victims, the nature of the evidence, and whether the type of offense justifies the expense of an investigation. She noted that the Postal Service receives numerous complaints from persons involved in personal disputes which the Postal Service generally does not investigate. Inspector Bone also described her personal preliminary evaluation of plaintiff's concerns, and her determination that the dispute did not warrant the further expenditure of agency resources.

Based on the foregoing, I decline to compel the Postal Service to investigate further plaintiff's concerns. Those concerns have been reviewed by Inspector Bone and other Postal Service employees who have determined that they do not warrant a further investigation and expenditure of agency resources. Defendant Postal Service's motion for summary judgment **IS HEREBY GRANTED.** Plaintiff's request for mandamus relief is **DISMISSED** with prejudice; his other claims are **DISMISSED** without prejudice.

---

**5.** Since I find that plaintiff has not established the Postal Service's duty to investigate, I do not reach the other two elements of the test described in *Fallini.*