In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00064-CV


______________________________








IN THE MATTER OF THE MARRIAGE OF 


KERRY NATHAN PARKER AND RANA ROXANNE PARKER








 


On Appeal from the 115th Judicial District Court


Marion County, Texas


Trial Court No. 0200064




 




Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Kerry Nathan Parker appeals from an "Order of Motion to Vacate Final Judgment." 
Generally, only final judgments of trial courts are appealable. Tex. Civ. Prac. & Rem. Code Ann.
§ 51.014 (Vernon Supp. 2003) (final judgment of district and county courts); Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001). That does not include orders on motions for new trial
unless a new judgment is entered as a result of that motion. The Legislature has also authorized the
appeal of a number of interlocutory orders. See, e.g., Tex. Civ. Prac. & Rem. Code Ann. § 51.014. 
The complained-of order here does not fall within either category. We are, therefore, without
jurisdiction over this appeal. 

 We notified Parker of this defect and gave him ten days to show cause why this appeal should
not be dismissed for want of jurisdiction. See Tex. R. App. P. 42.3. Appellant's counsel filed a
response in which she concurs we are without jurisdiction.

 Because this order is not appealable, we dismiss the appeal for want of jurisdiction. 


 Josh R. Morriss, III

 Chief Justice


Date Submitted: June 2, 2003

Date Decided: June 3, 2003

 




criminal cases. 

 On October 23, 2006, the defendants filed a motion to dismiss Blakeney's suit. That motion
called for the dismissal of Blakeney's suit for several reasons: First, the defendants believed
Blakeney's original petition did not satisfy the procedural requirements of Section 14.004 of the
Texas Civil Practice and Remedies Code because he failed to attach the required listing of each of
Blakeney's previously filed pro se civil lawsuits. (2) Second, the defendants alleged Blakeney's lawsuit
was frivolous because the relief sought by Blakeney was more properly obtained (if his claims were
meritorious, which the State did not so concede) through an application for writ of habeas corpus. 
See generally Tex. Code Crim. Proc. Ann. art. 11.07 (Vernon 2005). And, third, the defendants
believed they were prohibited from being sued because the conduct complained of occurred in
connection with the defendants' exercise of their official capacities as state officials, which entitled
them to "absolute prosecutorial immunity as a matter of law." 

 The trial court, the Honorable Paul Banner, presiding, conducted a hearing February 14,
2007, on the State's dismissal motion. At the conclusion of the hearing, the trial court granted the
State's motion, finding that Blakeney's lawsuit concerned the exercise of conduct by the defendants
in their official capacities as former prosecutors for the State and that the defendants were entitled
to governmental immunity from suit. Blakeney now appeals. We affirm.

 "District attorneys and other prosecutors are absolutely immune from liability when
performing their prosecutorial functions." Charleston v. Pate, 194 S.W.3d 89, 90 (Tex.
App.--Texarkana 2006, no pet.) (citing Imbler v. Pachtman, 424 U.S. 409 (1976); Font v. Carr, 867
S.W.2d 873 (Tex. App.--Houston [1st Dist.] 1993, writ dism'd w.o.j.); Miller v. Curry, 625 S.W.2d
84, 86-87 (Tex. App.--Fort Worth 1981, writ ref'd n.r.e.)). The acts of Freeman and Saban that
Blakeney alleged as the basis of his suit were all performed in representing the State in prosecuting
the multiple criminal cases against Blakeney. As such, they were acts intimately connected with the
judicial process. The trial court correctly dismissed Blakeney's suit against the defendants on the
basis of prosecutorial immunity.

 Moreover, the relief ultimately sought by Blakeney--the "undoing" of his negotiated plea
agreements in multiple criminal cases--is more properly the subject of an application for writ of
habeas corpus. Blakeney acknowledges that he has previously filed several applications for the writs
of habeas corpus in connection with the underlying criminal convictions, but that the Texas Court
of Criminal Appeals has denied those applications. As such, the Texas Court of Criminal Appeals'
decision(s) to adjudicate the merits of Blakeney's current claims via the post-conviction writ process
would further serve as a bar to the trial court's ability to grant relief in this case. See Tex. Code
Crim. Proc. Ann. art. 11.07, § 4 (prohibiting trial court from considering challenges to criminal
conviction on subsequent application when those challenges were not, but should have been, raised
in first habeas application); see also Chandler v. Chandler, 991 S.W.2d 367, 392 (Tex. App.--El
Paso 1999, pet. denied) (res judicata bars later lawsuit between same parties concerning same issues
that were previously decided to finality). The trial court's written judgment properly recognized that
bar, which the trial court took into consideration in rendering its judgment of dismissal.

 In short, the trial court's judgment is proper and right under our law. It is, therefore, affirmed.




 Jack Carter

 Justice


Date Submitted: September 6, 2007

Date Decided: October 11, 2007

1. The record reflects Blakeney agreed to plea bargains in three Rusk County cases: a ten-year
sentence in cause number CR98-065, a life sentence in cause number CR01-110, and a five-year
sentence in cause number CR98-067. The record further shows that, in exchange for Blakeney's plea
in those cases, the State dismissed an aggravated kidnapping charge (CR01-109), two attempted
escape charges (cause numbers CR01-160 and CR01-161), and an arson charge (cause number
CR01-162). See Tex. Penal Code Ann. § 20.04 (Vernon 2003) (aggravated kidnapping generally
a first-degree felony); Tex. Penal Code Ann. § 38.06 (Vernon 2003) (escape generally a third-degree felony); Tex. Penal Code Ann. § 28.02 (Vernon Supp. 2006) (arson generally a second-degree felony); and see Tex. Penal Code Ann. § 15.01(d) (Vernon 2003) (punishment for criminal
attempt generally one level below punishment for completed crime). According to Blakeney, the
first two sentences were to be served concurrently; Blakeney would not begin serving the third
sentence (of five years) until he had first completed serving the other sentences. 
2. See Tex. Civ. Prac. & Rem. Code Ann. § 14.004 (Vernon 2002).