**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HUNG M. NGUYEN, | No. 21-15698 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00239-TLN-KJN |
| v. | |
| YOLO COUNTY DISTRICT ATTORNEY OFFICE, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted January 19, 2022**

Before:      SILVERMAN, CLIFTON, and HURWITZ, Circuit Judges.

Hung M. Nguyen appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims arising out of his prosecution for trespassing. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1915(e)(2)(B). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Nguyen's claims under 42 U.S.C. §§ 1983 and 1985, and state law, because defendant is entitled to prosecutorial immunity. *See Cousins v. Lockyer*, 568 F.3d 1063, 1068 (9th Cir. 2009) (setting forth the scope of prosecutorial immunity as to § 1983 claims); *Sykes v. California*, 497 F.2d 197, 200 (9th Cir. 1974) (applying prosecutorial immunity to § 1985 claim); *Sullivan v. County of Los Angeles*, 527 P.2d 865, 870-71 (Cal. 1974) (setting forth the scope of prosecutorial immunity under California Government Code § 821.6 as to state law claims).

Dismissal of Nguyen's claim for violation of Title II of the Americans with Disabilities Act ("ADA") was proper because Nguyen failed to allege facts sufficient to show that defendant intentionally discriminated against him because of his disability. *See Duvall v. County of Kitsap*, 260 F.3d 1124, 1135, 1138-40 (9th Cir. 2001) (discussing elements of a Title II claim under the ADA, and the required showing of intentional discrimination to state a Title II claim for damages).

We reject as without merit Nguyen's contentions that the district court was biased and prejudiced against him.

21-15698

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Nguyen's motion for judicial notice is denied as unnecessary.

**AFFIRMED.**