## PRICE et al. v. SCHNAUFER.
### No. 13045.

Court of Civil Appeals of Texas.
Fort Worth.

Feb. 22, 1935.

Nat Gentry, Jr., and Lasseter, Simpson & Spruiell, all of Tyler, and Brachfield & Wolfe, of Henderson, for appellants.

S. J. Callaway and Robert C. Pepper, both of Fort Worth, for appellee.

LATTIMORE, Justice.

This opinion states that the tort is the sole basis of this suit. This language should not be misunderstood, for the tort is an essential element of the suit against the surety, but as against the sureties the ultimate basis is the contract of the surety. Lasater v. Waits, 95 Tex. 553, 68 S. W. 500, opinion by Judge Williams, makes it plain that the sureties cannot be sued in a county where their principal cannot be sued, and makes the plain distinction between the tort liability of the sheriff and the contractual liability of the sureties, and it seems to me that the reasoning of that opinion supports our opinion in this case.

However, the Court of Civil Appeals at Waco, in Smith v. Rogers, 34 S.W.(2d) 312, has said, apparently, that this suit could be brought as Schnaufer brought it. An examination of that opinion shows that the statement was not warranted by the presentation of the case by the parties, i. e., that the controverting affidavit to the privilege rested the venue on subdivision 9, art. 1995 (Vernon's Ann. Civ. St.), the trespass subdivision, and on the Code of Criminal Procedure, art. 204, and claimed no venue by virtue of either the facts or the law in subdivisions 4 or 29a of article 1995 or article 4975. It is settled that the exceptions to general venue which are sustainable must be those claimed in the controverting plea, and thus when the Waco court wrote what it did about the suit being maintainable under subdivisions 4, 29a, art. 1995, art. 4975 (Vernon's Ann. Civ. St.), it did so without any pleading or briefs or assignments or propositions justifying such writing. The court there remanded the case in order that, apparently, plaintiff might amend and plead in his controverting affidavit the subdivisions which that court evidently thought would be sufficient to sustain venue as brought. Therefore, to the extent that the cause was remanded the opinion is not dicta, for it is upon that very language that the remand is founded.

Eventually, this venue issue must be decided upon whether the duty of the sheriff to Schnaufer rested in contract or in tort. In the sense that no person is required to be sheriff, but that he seeks an office from the people which they grant by their vote and which he accepts by receiving the office and taking the constitutional oath, there might be a plausible argument that he has contracted with them to do those things which are his duty and not to do those things which are a violation of his duties. It seems to me that by some such rather strained process of reasoning every tort might be turned into a breach of a contract; but really such contention is specious, for a false arrest is rather a breach of that which is a duty fastened by law upon every one, whether officer or not, who elects to live within the jurisdiction of our law, and this fundamental difference between contract and tort is not to be twisted by reasoning of an implied contract. The distinction upon different facts is made in State v. Hatcher (Tex. Civ. App.) 52 S.W.(2d) 794. I am, therefore, not in accord with the statement in Fox v. Cone, 118 Tex.

212, 13 S.W.(2d) 65, in which the opinion states that, in the arrest made by a deputy sheriff of Refugio county and in Refugio county, the bondsmen of the sheriff residing in Harris county, the liability of the sheriff for the acts of the deputy was contractual. Of course, if the court meant that the contractual connection of the sheriff with the case was because of the contract of employment between him and his deputy, then the opinion is manifestly wrong, and contrary to authority, for the liability of the sheriff for the acts of his deputy rests upon the non-assignability of duty, and that duty is a duty which is fixed upon him by the law of torts. But if the court meant that the liability of the sheriff was contractual in the sense of the reasoning which I have above outlined, in that the sheriff has a contract with the people to perform his duties, then there is language in the Fox opinion, adopted by the Supreme Court, which supports the reasoning of Schnaufer, with which I disagree.

I believe the motion to certify should be overruled.