**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 09-6200**

_____

DON W. SMITH; DONNA L. SMITH,

　　　　　Plaintiffs - Appellants,

　　　v.

MICHAEL R. MCCARTHY, in his individual capacity and in his
capacity as a Nelson County Deputy Sheriff; MALCOLM E.
BRIDGWATER, in his individual capacity and in his capacity
as a Nelson County Deputy Sheriff; JOHN M. DIXON, II, in his
individual capacity and in his capacity as a past Nelson
County Deputy Sheriff; GARY L. BRANTLEY, in his individual
capacity and in his past capacity as Nelson County Sheriff;
PHILLIP D. PAYNE, IV, in his individual capacity and in his
capacity as Nelson County Commonwealth's Attorney; JOSEPH L.
RADER, in his individual capacity as a Virginia State Police
Lieutenant; SHANNON Y. DION, in her capacity as a Virginia
Assistant Attorney General; ROBERT F. MCDONNELL, in his
individual capacity and in his capacity as the Attorney
General of the Commonwealth of Virginia; TIMOTHY M. KAINE,
in his individual capacity and in his capacity as Governor
of the Commonwealth of Virginia; COMMONWEALTH OF VIRGINIA,
by and through her duly established Department of State
Police; UNKNOWN DEFENDANTS, in their individual capacities
and in their capacities as employees of the Virginia State
Police, the Attorney General and/or the Governor; VIRGINIA
DEPARTMENT OF STATE POLICE,

　　　　　Defendants - Appellees.

_____

Appeal from the United States District Court for the Western
District of Virginia, at Charlottesville.　Norman K. Moon,
District Judge.　(3:08-cv-00036-nkm-bwc)

_____

Submitted:　September 30, 2009　　　Decided:　October 28, 2009

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Bruce Karl Tyler, Afton, Virginia, for Appellants.   William C. Mims, Attorney General, Maureen Riley Matsen, Deputy Attorney General,   C.   Nicole   Gilliam,   Assistant   Attorney   General, Richmond, Virginia; James M. Bowling, IV, ST. JOHN, BOWLING, LAWRENCE & QUAGLIANA, LLP, Charlottesville, Virginia; Rosalie Pemberton Fessier, TIMBERLAKE, SMITH, THOMAS & MOSES, P.C., Staunton, Virginia, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Don W. Smith and Donna L. Smith ("the Smiths") appeal the district court's dismissal of their civil rights action filed pursuant to 42 U.S.C. §§ 1981, 1983, and 1985 (2006), seeking monetary damages[1] for alleged constitutional violations which arose on February 16, 2006, and thereafter. In addition to naming "unknown defendants," the Smiths named eleven specific Defendants.[2] On appeal, they claim: (1) the district court applied the incorrect standard of review in considering the Defendants' motions to dismiss and dismissing the Smiths'

---

[1] They sought $500,000 in compensatory damages, $30,000,000 in punitive damages, and attorney's fees and costs.

[2] Specifically, the Smiths filed suit against Michael R. McCarthy, in his individual capacity and in his capacity as a Nelson County Deputy Sheriff; Malcome E. Bridgwater, in his individual capacity and in his capacity as a Nelson County Deputy Sheriff; John M. Dixon, II, in his individual capacity and in his past capacity as a Nelson County Deputy Sheriff; Gary L. Brantley, in his individual capacity and in his past capacity as a Nelson County Sheriff; Phillip D. Payne, IV, in his individual capacity and in his capacity as Nelson County Commonwealth's Attorney; Joseph L. Rader, in his individual capacity as Virginia State Police Lieutenant; Shannon Y. Dion, in her capacity as a Virginia Assistant Attorney General; Robert F. McDonnell, in his individual capacity and in his capacity as the Attorney General of the Commonwealth of Virginia; Timothy M. Kaine, in his individual capacity and in his capacity as Governor of the Commonwealth of Virginia; the Commonwealth of Virginia, by and through her duly established Department of State Police; unknown defendants, in their individual capacities and in their capacities as employees of the Virginia State Police, the Attorney General, and/or the Governor; and the Virginia Department of State Police.

complaint; (2) the district court erred in dismissing their claims against Defendants McCarthy and Bridgwater as barred by the applicable two-year statute of limitations; (3) the district court erred in its dismissal of Defendants McCarthy, Bridgwater, Dixon, and Brantley based on qualified immunity; (4) the district court erred in dismissing Defendant Payne on the basis of absolute immunity; (5) the district court erred in its dismissal of Defendants Rader, Dion, McDonnell, and Kaine based on qualified immunity; and (6) that all Defendants should be prohibited from basing any defense on Donna Smith's obstruction of justice conviction. For the reasons set forth below, we affirm.

The allegations forming the basis of the complaint arose from an incident on February 16, 2006, wherein Deputies McCarthy and Bridgwater of the Nelson County Sheriff's Department went to the Smiths' property to serve a capias on Donna Smith's son, David Reier, for his arrest. The deputies, who were following up on reports that Reier had been seen in the area driving a green Dodge pickup truck, found a green Dodge pickup truck parked next to the house. While McCarthy and Bridgwater were present, Donna and Don Smith returned to the property in separate vehicles.

Deputy McCarthy questioned Donna Smith about the whereabouts of her son and then attempted to look into the back

4

of Donna Smith's van. The complaint alleged that when McCarthy attempted to look into the van, Donna Smith "maneuvered her body so as to place the same between McCarthy and the van's door with her back to McCarthy and her arms spread-eagled across the side of the van in a protective position." A physical altercation ensued.

During the struggle, Don Smith attempted to physically intervene, citing concern for his wife's heart condition. Immediately following the altercation, both Donna and Don Smith were arrested for obstruction of justice. Soon thereafter, Deputy Dixon and Sheriff Brantley arrived on the scene. The complaint alleged that after the arrest, Bridgwater, McCarthy, Dixon, and Brantley spoke together out of the earshot of the Smiths and at times appeared to speak on cell phones.

At their trial on the obstruction of justice charges, the Smiths alleged that McCarthy and Bridgwater provided false testimony; they also suggested that dispatch records related to the incident were suspect. Although Don Smith was acquitted, Donna Smith was convicted of obstruction of justice — a conviction which she did not appeal.

Following the trial on the obstruction of justice charges, the Smiths' lawyer, Bruce K. Tyler, reported to Defendant Payne, Nelson County Commonwealth's Attorney, the alleged fraud on the tribunal of the cover-up-conspiracy and the

commission of perjury by Defendants McCarthy and Bridgwater. By letter dated July 23, 2007, Payne and Rader, of the Virginia State Police, communicated to Tyler their determination that no perjury or conspiracy had occurred. Tyler then referred the matter to Defendants Kaine and McDonnell, to no ultimate avail. Tyler received a letter dated January 14, 2008, from Defendant Dion stating that because Payne and the Virginia State Police determined that "no prosecution should be initiated," the Office of the Attorney General was "without authority to act." The Smiths' complaint alleged violations of their rights based upon the foregoing events.[3]

The Defendants filed motions to dismiss the complaint on the basis of, inter alia, qualified, absolute, and Eleventh Amendment immunity and the statute of limitations. Following oral argument on the motions to dismiss, the district court granted all Defendants' motions as to liability in their official capacities based on Eleventh Amendment immunity; dismissed Defendant Payne from the suit in his individual capacity, finding him to be absolutely immune; dismissed

---

[3] Having cited to the trial transcript in the complaint, the Smiths' counsel also filed a notice of hearing in which he attached a copy of the transcript of the obstruction of justice misdemeanor trial. Counsel indicated that during oral argument he intended to rely upon the transcript in responding to Defendants' motions to dismiss.

6

Defendants McCarthy, Bridgwater, Dixon, and Brantley from the suit in their individual capacities, finding them to have qualified immunity and finding no constitutional violations; dismissed Defendants Rader, Dion, McDonnell, and Kaine from the suit in their individual capacities, finding them to have qualified immunity and/or no personal involvement; and granted the motions to dismiss Defendants Department of State Police and Commonwealth of Virginia on grounds of Eleventh Amendment immunity. The trial court also found that any claims relating to the events of February 16, 2006, including, but not limited to, excessive force, violation of the Smiths' due process rights, illegal entry upon the Smiths' property, and illegal search and seizure, were barred by the applicable two-year statute of limitation. The Smiths timely appealed.[4]

As a preliminary matter, this court reviews the district court's grant of a motion to dismiss pursuant to either Fed. R. Civ. P. 12(b)(1) or Fed. R. Civ. P. 12(b)(6) under a de novo standard of review. Duckworth v. State Admin. Bd. of Election Laws, 332 F.3d 769, 772 (4th Cir. 2003) (Rule 12(b)(6) motions); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir.

---

[4] The Smiths have not appealed that portion of the trial court's Order dismissing the 42 U.S.C. § 1981 and § 1985 claims and dismissing the claims of monetary relief against Defendant Payne in his official capacity based on Eleventh Amendment immunity.

7

1999) (Rule 12(b)(1) motions). When this court reviews a district court's Rule 12(b)(6) dismissal, it focuses only on the legal sufficiency of the complaint. Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008). "[W]hen ruling on a defendant's motion to dismiss, a [trial] judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). However, to survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level," with the complaint having "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 555). A complaint may survive a motion to dismiss only if it "states a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon "its judicial experience and common sense." Id. at 1950 (citing Twombly, 550 U.S. at 556).

Appellants' first claim of error is that the district court applied the wrong standard in ruling upon Defendants'

8

motions to dismiss. They claim the district court failed to assume the truth of the Smiths' complaint and to construe the complaint in the light most favorable to them. They specifically allege error in the district court's reliance on the transcript of the obstruction of justice trial in rendering its decision.

In considering motions to dismiss under Rule 12(b)(6), the court may properly consider exhibits attached to the complaint. Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir. 1991). Here, as noted above, the Smiths cited to the trial transcript in their complaint, and their counsel filed a copy of the transcript with the trial court, citing his intention to rely upon it in argument on the motions to dismiss. As such, they cannot now justifiably complain about the trial court's consideration of the transcript in rendering its decision or on its reliance on the facts as determined in that proceeding. We have reviewed carefully the record and find no merit to the Smiths' claim that the district court applied the incorrect standard in considering either the trial transcript or the motions to dismiss or in dismissing the Smiths' complaint.

The Smiths next claim reversible error by the district court in dismissing their claims against Defendants McCarthy and Bridgwater as barred by the applicable two-year statute of

9

limitations.[5]  They claim that because the complaint alleges a conspiracy to convict them, any events occurring after the actual alleged malicious wounding of Donna Smith on February 16, 2006, are not barred by the statute of limitations because all such illegal acts were in furtherance of the conspiracy.  Thus, they argue, the two-year limitations period began when the objective of the conspiracy was attained, which, they reason, would be on August 2, 2006, the date Donna Smith was convicted.[6]

The accrual of a cause of action under § 1983 for statute of limitations purposes is based on federal law.  Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 955 (4th Cir. 1995) (en banc); see also Wallace v. Kato, 549 U.S. 384, 388 (2007).  This court has held that the cause of action under § 1983 accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action."  Nasim, 64 F.3d at 955.

Here, the specific claims dismissed by the district court as barred by the statute of limitations were those "claims regarding the events of February 16, 2006 – excessive force, violations of Plaintiffs' due process rights, illegal entry upon

---

[5] Virginia's personal injury statute of limitations is two years.  Va. Code Ann. § 8.01-243(A).

[6] The Complaint was filed on August 1, 2008.

10

Plaintiffs' property, illegal search and seizure, etc." The district court did not include the Smiths' conspiracy claims in its dismissal on statute of limitations grounds, but rather those claims relating solely to the events of February 16, 2006. Thus, to the extent the Smiths sought to raise claims in their August 1, 2008, complaint expressly relating to the events of February 16, 2006, the district court correctly dismissed such claims as barred by the statute of limitations.[7]

The Smiths next contend that the district court erred in finding that the actions of Defendants McCarthy, Bridgwater, Dixon, and Brantley were protected by qualified immunity. They claim on appeal that McCarthy had no right to "be vested with qualified immunity for committing an extremely serious felony that could have killed or seriously injured Donna Smith who had a heart condition" and that Bridgwater had a constitutional duty to arrest McCarthy and "to refrain from aiding in the arrest of [the Smiths]." Moreover, they contend that Dixon and Brantley likewise failed in their duty to free the Smiths and that, in so failing, the officers joined in the conspiracy to convict the Smiths. The Smiths further claim that these Defendants continued their illegal conspiracy when they fixed their

---

[7] Moreover, to the extent the Smiths claim false arrest, such claim is likewise barred by the statute of limitations. See Wallace, 549 U.S. at 388.

11

testimony prior to trial, knew that records had been altered, and/or knew that Bridgwater and McCarthy were going to perjure themselves at the trial, all in an effort to fabricate the criminalization of Donna Smith.[8]

Qualified immunity protects government officials performing discretionary functions from "liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  The court must determine "whether the plaintiff has alleged the deprivation of an actual constitutional right at all, and if so, . . . whether that right was clearly established at the time of the alleged violation." Conn v. Gabbert, 526 U.S. 286, 290 (1999); see also Pearson v. Callahan, 555 U.S. ___, 129 S. Ct. 808, 815-16 (2009).  For a right to be clearly established, "its contours must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  Hope v. Pelzer, 536 U.S. 730, 739 (2002) (internal quotation marks omitted).

---

[8] The Smiths include Defendant Payne in this allegation, asserting on appeal that he was "advising the sheriff defendants what to do [to cover up the malicious wounding and propagate the conviction of Donna Smith for obstruction of justice]."

12

We find the district court did not engage in improper fact-finding, or otherwise err, in determining that the officers were entitled to qualified immunity because the Smiths failed to allege a meeting of the minds, a necessary element of a conspiracy, and because the allegations of conspiracy were conclusory. The allegations in the Smiths' complaint describe that, at the time of arrest, these Defendants "conferred at times as an entire group and at times in smaller groups out of earshot of plaintiffs and appeared at times to be talking on cell phones." These facts, taken as true, do not establish a meeting of the minds among the officers to violate the rights of the Smiths. As the district court properly held, this claim is wholly conclusory and devoid of sufficient allegation of a meeting of the minds. The other similarly conclusory claims, including the failure of the other officers to arrest McCarthy,[9] likewise fail to establish a conspiracy.[10]

---

[9] To the extent this claim is raised for the first time on appeal, we decline to review it. Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

[10] With regard to the Smiths' claim that Bridgwater and McCarthy presented perjured testimony at their trial, the district court correctly held that such claim is subject to dismissal because the Supreme Court has specifically held that police officers are immune from an action arising under § 1983 for alleged perjury. See Briscoe v. LaHue, 460 U.S. 325, 342-43, 345 (1983). Likewise, their claim that the Defendants failed to provide them with allegedly "exculpatory" evidence before trial (even assuming, arguendo, that the evidence to

(Continued)

13

As the district court held, the Smiths' claim that the officers' testimony was "fixed and coordinated" prior to trial related to the issue of whether the officers had cause to be on the Smiths' property on February 16, 2006.  As the search of the property is analyzed from an objective perspective, and as the law enforcement officers clearly had the objective right to go on the Smiths' property to inquire about the green Dodge pickup truck and the possibility that Reier was present on the premises, no constitutional deprivation was viably asserted by the Smiths.  See Brigham City, Utah v. Stuart, 547 U.S. 398, 404-05 (2006); see also United States v. Bradshaw, 490 F.2d 1097, 1100 (4th Cir. 1974).

Accordingly, the court did not err in finding that the Smiths failed to assert any violation of a clearly established constitutional right, such that Defendants McCarthy, Bridgwater, Dixon, and Brantley would not be entitled to qualified immunity. The district court's dismissal of these Defendants based on qualified immunity is affirmed.[11]

---

which the Smiths refer is properly categorized as "exculpatory") was properly dismissed by the district court.  See Jean v. Collins, 221 F.3d 656, 663 (4th Cir. 2000).

[11] Similarly, the district court did not err in dismissing the Smiths' claims against any of the officials in their official capacities, as they are afforded immunity by the (Continued)

14

The Smiths' next claim of error is in the district court's dismissal of Defendant Payne on the basis of absolute immunity. They assert that Payne was not protected by absolute immunity because he "extrajudicially" conspired and advised the police officers to arrest the Smiths on fabricated charges, to alter the dispatch records, and to present false testimony at the Smiths' criminal trial, and because he allegedly withheld exculpatory evidence.

In Imbler v. Pachtman, the Supreme Court held that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. 409, 431 (1976). This court has held that a state prosecuting attorney is absolutely immune from liability for damages for conspiring with police officers to present false testimony and for withholding exculpatory evidence prior to trial, as those actions are "intimately associated with the judicial process." Carter v. Burch, 34 F.3d 257, 262-63 (4th Cir. 1994). Thus, as to his alleged actions in conspiring with police officers to present false testimony and for withholding exculpatory evidence prior to trial, Defendant Payne was entitled to absolute immunity. Id. at 263.

---

Eleventh Amendment. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989).

15

With regard to their assertions relating to Defendant Payne's advising the officers to arrest them on fabricated charges, the Smiths correctly argue that such an action by Payne would be entitled only to qualified, not absolute, immunity. See Burns v. Reed, 500 U.S. 478, 492-96 (1991). However, as the district court found, there is no specific allegation in the complaint that Payne knew about, gave advice regarding, or otherwise participated in the arrest and search. Moreover, even if the Smiths' assertions with regard to Defendant Payne's actions relative to their search and arrest on February 16, 2006, were properly pled and not wholly conclusory, such claims would be barred by the applicable two-year statute of limitations. Hence, the district court properly dismissed the Smiths' claims against Defendant Payne.

In their next two arguments, the Smiths contend that the district court erred in dismissing their case against Defendants Rader, Dion, McDonnell, and Kaine (the "State Defendants") based on qualified immunity. The claims against the State Defendants are based on the Smiths' attorney's request to Governor Kaine and then-Attorney General McDonnell to investigate whether the deputies testified untruthfully and his further request for the referral of the matter to a special prosecutor, together with Assistant Attorney General Dion's

16

statement to the Smiths' attorney that the Attorney General's Office was without authority to act on his request.

In this case, because the Smiths had no right[12] to a criminal investigation or criminal prosecution of another, see Sattler v. Johnson, 857 F.2d 224, 227 (4th Cir. 1988), the district court properly determined that they failed to allege the violation of a clearly established statutory or constitutional right. See Harlow, 457 U.S. at 818. Thus, the district court correctly held that the individual State Defendants were entitled to qualified immunity. Moreover, based on absolute prosecutorial immunity, former Attorney General McDonnell and Assistant Attorney General Dion cannot be sued in any event for their decision not to prosecute the officers. See Imbler, 424 U.S. at 431.[13, 14]

---

[12] Nor do private citizens have standing to request the prosecution of another. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973).

[13] As noted above as to Defendants McCarthy, Bridgwater, Dixon, and Brantley, there was no error in the district court's dismissal of the Smiths' claims against the State Defendants in their official capacities, as they also are afforded immunity by the Eleventh Amendment. See Will, 491 U.S. at 71.

[14] While not set forth in a separate argument in their brief, the Smiths also argue that the district court erred in dismissing their claims against the Commonwealth of Virginia and the Virginia State Police. This claim has no merit. See Will, 491 U.S. at 64, 71; see also Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280-81 (1977).

17

The Smiths' final claim is that the Defendants should be precluded from basing any defense on Donna Smith's obstruction of justice conviction. As this issue was not raised before the district court, we decline to consider it on appeal. See Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993).

Accordingly, we affirm the district court's dismissal of the Smiths' complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED