Deborah H. Underwood **GRAVES,**
**Appellant**

**v.**

**Nancy D. LOGAN, Appellee.**

**No. 10–08–00359–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

March 29, 2010.

Gerson D. Bloom, Thomas W. McQuage, Galveston, TX, for Appellant.

Ronald E. Ferris, Dickinson, TX, for Appellee.

Panel consists of Justices BLAND, SHARP, and TAFT.*

## MEMORANDUM OPINION

JANE BLAND, Justice.

This is a suit for declaratory relief and contract damages associated with an outstanding note secured by real property. After Deborah Graves failed to provide Nancy Logan with a pay-off statement of the balance of principal and interest Logan owed Graves on a promissory note so that Logan could satisfy the note in time for her to close on a sale of the property to a third party, Logan sued Graves, seeking a determination of the amount of principal and interest owed on the note as well as attorney's fees and actual damages, based on a breach of contract theory. The trial court granted summary judgment to Logan, awarded Logan damages for Graves's failure to provide a pay-off statement, released the underlying lien on the property, and awarded attorney's fees. On appeal, Graves challenges the propriety of the trial court's grant of summary judgment on Logan's breach of contract claim. Finding that Logan failed to prove the existence of a contract as a matter of law, we reverse the trial court's summary judgment in favor of Logan on her breach of contract claim and remand for further proceedings. We affirm the remainder of the trial court's judgment.

## Background

In April 2000, Graves and Logan signed a promissory note conveying Graves's property to Logan for $35,000. In 2006, Logan contracted with a third party to sell the property. Shortly before the June 2006 closing date, the title company retained for the sales transaction asked Graves to provide a payoff statement containing the total amount of unpaid interest and principal Logan owed on the loan. Graves did not immediately provide a figure. She informed the title company that she had concerns about the matter because she did not have proof that Logan had made all the payments.

By September 1, 2006, Logan still had not received a response from Graves, so she sent Graves a letter emphatically restating her request for a payoff figure. Even after that written request, Graves did not provide the requested information until late October 2006, and the figure she provided overstated the actual balance due by more than $6,000. In the meantime, the earnest money contract between Logan and the third party expired, and the sale did not occur.

* Justice Tim Taft, who retired from the First Court of Appeals on June 1, 2009, continues to sit by assignment for the disposition of this case, which was submitted on January 27, 2009.

Logan sued Graves, asking for a declaration specifying the total amount of principal and accrued interest due on the promissory note. Logan also sought damages under a breach of contract theory, contending that, under the lien, Graves, as the note holder, had an implied duty to cooperate with Logan in "determining the amount of unpaid principal and accrued interest on a given installment date." Logan claimed that Graves's breach of that implied term caused Logan incur damages from a planned sale of the property she lost as a result of her inability to convey clear title before the expiration of the earnest money contract.

The trial court granted Logan's motion. In addition to the requested declaratory relief and attorney's fees, which are not at issue in this appeal, the trial court awarded actual damages of $17,463.24, then offset that amount against the remaining lien and released the lien, leaving a net award of $3,181.10.

## Discussion

### Standard of review

Graves challenges the propriety of the trial court's summary judgment in favor of Logan on her breach of contract claim. A plaintiff moving for summary judgment must conclusively prove all essential elements of its claim. *See* TEX.R. CIV. P. 166a(a), (c); *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex.1986); *Roberts v. Clark*, 188 S.W.3d 204, 209 (Tex.App.-Tyler 2002, pet. denied). We review a trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005); *Provident Life & Accid. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Dorsett*,

164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215; *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex.1997). Under Texas Rule of Civil Procedure 166a(c), the party moving for summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Knott*, 128 S.W.3d at 215–16.

### Breach of contract

■■■ The essential elements in a suit for breach of contract are: (1) the existence of a valid contract; (2) the plaintiff performed or tendered performance; (3) the defendant breached the contract; and (4) the plaintiff was damaged as a result of the breach. *Bank of Tex. v. VR Elec., Inc.*, 276 S.W.3d 671, 677 (Tex.App.-Houston [1st Dist.] 2008, pet. denied); *Prime Prods., Inc. v. S.S.I. Plastics, Inc.*, 97 S.W.3d 631, 636 (Tex.App.-Houston [1st Dist.] 2002, pet. denied). "A breach of contract occurs when a party fails to perform an act that it has expressly or impliedly promised to perform." *Case Corp. v. Hi–Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 769–70 (Tex.App.-Dallas 2005, pet. denied).

Neither party contests the validity of the promissory note and deed of trust, which do not contain an express provision that requires Graves to provide the payoff figure. At issue in this case is whether Graves had an obligation, implied by Texas law, to provide Logan with a payoff figure within a "reasonable" amount of time after Logan's request, and if so, the existence and amount of damages incurred by Logan as a result of the breach of that obligation.

### *Existence of duty*

■■ The trial court's summary judgment ruling rests solely on the sworn statement of Logan's attorney that

the recognized and established, though unwritten, procedure in the State of Texas to consummate a sale of real property against which there is a deed of trust lien is for the title insurance company which will be issuing the an [sic] owner's policy of title insurance to the purchaser of the property to (i) request from the lender or lien holder a statement of the outstanding principal balance and unpaid accrued interest owning on the promissory note as of the closing date ..., [and] (ii) obtain from such lender or lien holder the "Payoff".... The foregoing procedure is so well established in the State of Texas that its inclusion in the documents between the lender and the borrower (i.e. the promissory note and the deed of trust) is not necessary....

"A contract implied in law, or a quasi-contract, is distinguishable from a true contract because a quasi-contract is a legal fiction, an obligation imposed by law regardless of any actual agreement between the parties." *Fraud–Tech, Inc. v. Choicepoint, Inc.,* 102 S.W.3d 366, 386 (Tex.App.-Fort Worth 2003, pet. ref'd); *see Fortune Prod. Co. v. Conoco, Inc.,* 52 S.W.3d 671, 684 (Tex.2000).

▌ Graves contends that the trial court erred in holding that she owed Logan an implied duty to provide a payoff amount because the promissory note did not require her to do so. According to Graves, her sole obligation under the deed of trust is to release the lien after Logan's performance of all conditions precedent—in other words, after Logan paid the note in full according to its terms.

▌ Logan is correct that "[a] duty to cooperate is implied in every contract in which cooperation is necessary for performance of the contract. If applicable, this implied duty requires that a party to a contract may not hinder, prevent, or interfere with another party's ability to perform its duties under the contract." *Case Corp.,* 184 S.W.3d at 770. Graves did not, however, interfere with Logan's ability to perform Logan's duties under the deed of trust and promissory note. At most, Graves arguably interfered with Logan's pursuit of benefits incidental to the full execution of her obligations under the promissory note. *See id.* at 774 (distinguishing performance of agreement from benefits derived from agreement in determining whether party had duty to cooperate). Logan does not identify any authority that supports the imposition of an implied obligation to provide a payoff amount.

According to the Texas Property Code, every conveyance of real property contains certain implied covenants "unless the conveyance expressly provides otherwise." TEX. PROP.CODE ANN. § 5.023 (Vernon 2004). These include implied covenants

(1) that prior to the execution of the conveyance the grantor has not conveyed the estate or any interest in the estate to a person other than the grantee; and

(2) that at the time of the execution of the conveyance the estate is free from encumbrances.

TEX. PROP.CODE ANN. 5.023(a). Another Texas statute specifically obligates a seller to provide a payoff figure on request, but that obligation applies only if the transaction involves "an an executory contract for conveyance of real property," which the Property Code defines as "an option to purchase real property that includes or is combined or executed concurrently with a residential lease agreement, together with the lease." TEX. PROP.CODE ANN. § 5.062(a)(2) (Vernon Supp. 2009); *see* TEX. PROP.CODE ANN. § 5.083 (Vernon Supp. 2009). But Logan has not adduced summary judgment evidence to prove that the

conveyance here falls within that statutory definition (like a lease agreement), nor did she plead her case or move for summary judgment on this statutory basis. Logan has not brought to our attention, and we have not found, any precedential authority to support the existence of an implied covenant to provide a payoff amount in a transaction involving a promissory note and deed of trust.[1] Accordingly, we hold that the trial court erred in granting summary judgment in favor of Logan based on the existence of such a duty.

### Conclusion

We reverse the trial court's summary judgment on Logan's breach of contract claim and remand for further proceedings. We leave undisturbed the trial court's grant of declaratory relief establishing the payoff amount of the loan as of the date of the judgment and award of attorney's fees, which were not challenged on appeal.

Justice SHARP, concurring and dissenting, with opinion to follow.

JIM SHARP, Justice, concurring and dissenting.

This case addresses the allocation of responsibility between the parties to a promissory note secured by a deed of trust. In the event of an early payoff, to whom falls the burden of calculating the "payoff" amount due on the note? Specifically, did appellant Ms. Graves (seller) have an obligation to provide plaintiff/appellee Ms. Logan (purchaser) with a payoff figure within a reasonable amount of time after Ms. Logan's request?

After Ms. Graves' refusal to timely provide the "payoff" amount, Ms. Logan sought a declaratory judgment as to what balance was owed, as well as a breach of contract suit for losses suffered when she was unable to close on the re-sale of the property.

Finding neither statutory nor precedential authority to support such an implied covenant in a promissory note and deed of trust, the majority holds that the trial court erred in granting summary judgment in favor of Logan.[1]

I believe that the majority's opinion both frames the question and reads the code provisions too narrowly in its conclusions:

(a) "Graves did not ... interfere w/ Logan's ability to perform her obligations under the deed of trust and promissory note. At most, Graves did not assist with Logan's pursuit of benefits accruing to her upon the full execution of her obligations under the promissory note."

and

(b) ".... we have not found any statutory or precedential authority to support the existence of an implied covenant to provide a payoff amount in a transaction involving a promissory note and deed of trust."

I disagree with the majority opinion's attempt to frame this issue on such narrow grounds. The proper question presented

---

1. The parties do not contend or brief that any other Texas statute obligates a contracting party to provide a pay-off amount, and we are aware of none. Similarly, Graves does not assert, and thus we do not address, whether any federal law or regulation imposes such an obligation.

1. The majority opinion, I contend, mistakenly states that there does not appear to be any statutory or precedential authority to support the existence of an implied covenant to provide a payoff amount in a transaction involving a promissory note and deed of trust. However, even if that were the case, the lack of support for such a *specific* implied obligation does not necessarily preclude the existence of a more *general duty or obligation to cooperate*.

by this case is whether Graves has a duty to cooperate with Logan, *i.e.*, refrain from hindering, preventing or interfering with Logan's attempts to exercise her rights under the contract. I would hold that Graves surely does. Here, Ms. Graves was not forthcoming with the payoff amount and, as a result of her five month delay, Ms. Logan's contract for resale of the property was lost.

Whenever a contract recites that a party has a right to an early payoff, there is an implied **contractual** duty to provide a payoff statement because failure to do so (and do so in a timely fashion) nullifies (breaches) that provision of the contract. As discussed below, the Legislature *has* indicated an intent to protect buyers who have fulfilled the requirements of their contract from sellers who impede the conveyance of title. Such a statutorily expressed intent lends support to an implied duty to provide the payoff amount in a timely manner when a contract provides the right to an early payoff and the seller impedes exercise of that right.

The promissory note at issue here clearly sets out Logan's right to pay off the note early, provided she not exercise that right earlier than five years from the date the note was executed. In accord with the note, Ms. Logan sought to pay Ms. Graves the balance *after* the five year timeline but was met with resistance from Ms. Graves that was curious: presented with the opportunity to collect money owed to them most people would be eager to facilitate such payment. Neither the title company handling the resale of the property for Ms. Logan nor Ms. Logan herself met any success in obtaining a payoff amount from Ms. Graves until late October, 2006 ... almost a full four months after the title company's initial request of her and weeks past the September 15, 2006 closing date for the resale of the property.

The Texas Property Code addresses the provision of a payoff figure in two separate sections. The first, as the majority properly notes, is section 5.082, which requires a seller to provide a payoff figure within 10 days of a buyer's written request, *when the real-estate conveyance is made pursuant to an executory contract.* Tex. Prop.Code Ann. § 5.082 (Vernon Supp. 2009).

The second, section § 12.017, applicable to mortgages, also charges the seller/mortgagee with the responsibility to provide a "payoff statement". Specifically, in the event a mortgagee fails to execute and deliver a release of mortgage to the mortgagor or his agent within 60 days after the date of the receipt of payment by the mortgagee *"in accordance with a payoff statement furnished by the mortgagee or its mortgage servicer,"* an authorized officer of a title insurance company may file an affidavit in the real property records on behalf of the mortgagor which operates as a release of the mortgage. *See* Tex. Prop. Code Ann. § 12.017(c)-(g) (Vernon Supp. 2009). Both these above-referenced provisions reflect the Legislature's recognition of the well-established real estate and title insurance industry practice: the provision of payoff statements by sellers/mortgagees to buyers/mortgagors.

Section 5.082's requirement that payoff amounts are to be timely furnished by the noteholder/seller is prophylactic in nature and serves to curb unscrupulous 'rent-to-own' schemes that employ *executory contract for deed* conveyances and, as such, should not be construed, and was never intended to serve as, a *limitation* upon real estate conveyances that employ contractual vehicles *other than* a executory contracts for deed, such as the promissory note secured by a deed of trust at issue here.

We must examine and consider the entire contract "in an effort to harmonize and

give effect to *all the provisions* of the contract so that none will be rendered meaningless." *Coker v. Coker,* 650 S.W.2d 391, 393 (Tex.1983) (emphasis in original). We may read additional provisions into a contract *only* when *"necessary in order to effectuate the intention of the parties as disclosed by the contract as a whole."* *Danciger Oil & Refining Co. v. Powell,* 137 Tex. 484, 154 S.W.2d 632, 635 (1941) (emphasis added).

Such an "implied covenant must rely on the presumed intention of the parties as gathered from the terms as actually expressed ... and it must appear that it was so clearly within the contemplation of the parties that they deemed it unnecessary to express it, and therefore omitted to do so, or it must appear that it is necessary to infer such a covenant in order to effectuate the full purpose of the contract as a whole as gathered from the written instrument." *Id.*

In the present case, the promissory note clearly expressed the parties' intent to provide Logan the right to pay the note off early and provided for specific obligations to be fulfilled on *her* part if she proceeded under that provision of the contact. Implicit in such provision is the corresponding obligation on the part of Graves to provide the appropriate payoff figure [2] so that Logan could exercise her rights and fulfill her obligations pursuant to that contractual provision. Without such an implied covenant, Logan would be *unable* to discharge her obligations under that provision of the contract, the provision would be rendered ineffectual and meaningless, and its purpose thwarted. We should not construe contracts in a manner that would render meaningless the express intent of the parties. *Coker,* 650 S.W.2d at 393.

Interpreting the contract to imply an obligation on the part of Graves to provide the payoff figure is consistent with the intent expressed in the contact as a whole, the well-established practice in real-estate transactions of the provision of a payoff figure by a seller (so well-established that the inclusion of an early payoff provision clearly demonstrates that such practice was within the contemplation of the parties and did not need to be expressed), as well as with the Property Code's recognition of this well-established procedure. To hold otherwise would mean that, even though a buyer was expressly provided the right to an early payoff in a contract, the seller could render the provision meaningless simply by refusing to provide the payoff figure to the buyer. Absent an implied requirement that the seller provide a payoff figure, buyers seeking to exercise a right that was expressly recited by contract and was expressly intended by the parties would (as here) be forced to file declaratory actions to determine the payoff. This cannot be.

The provision of the payoff statement by a mortgagee/seller imposes no harsh burdens upon the seller; indeed, that a seller in good-faith would not relish receipt of the full amount owing would be odd. Moreover, provision of payoff statements would not only facilitate the efficient and unfettered transfer of property but prevent such disputants from seeking recourse to the courts. Were the Legislature to merely codify the pattern and practice of the Texas Real Estate and Title industry (as it has already done with executory contracts), we need never tread this ground again.

**2.** The note made a distinction between prepayment prior to five years and prepayment

after five years.

I would hold that, where a contract provides a buyer of real-estate the right to an early payoff, it implies a covenant on the part of the seller to provide the payoff figure in a reasonable period of time so that the buyer may exercise this expressly contracted-for right. Consequently, here, Graves had an obligation to provide Logan a payoff statement and her failure to do so in a reasonable period of time breached Grave's duty to cooperate with Logan, *i.e.*, to refrain from hindering, preventing or interfering with Logan's attempts to perform her obligations under the contract.

For these reasons, I would affirm the trial court's summary judgment in favor of Logan's breach of contract claim and I dissent to that portion of the majority opinion that reverses the trial court's summary judgment. I concur in the portion of the majority opinion that leaves undisturbed the trial court's grant of declaratory relief establishing the payoff amount of the loan as of the date of the judgment and award of attorney's fees, which were not challenged on appeal.

Justice SHARP, concurring in part and dissenting in part.