[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10178
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cv-00219-BAE-GRS

LEON EDWARD PUGH, JR.,

Plaintiff-Appellant,

versus

WILLIAM BALISH,
BETTE BALISH,
CHIARA BALISH BARNETT,
THE OLDE PINK HOUSE RESTAURANT,
GARIBALDI'S, INC., et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(May 7, 2014)

Before MARCUS, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Leonard Edward Pugh, Jr., proceeding pro se, appeals the district court's dismissal, under 28 U.S.C. § 1915(e)(2)(B), of his 42 U.S.C. § 1983 complaint alleging civil rights and RICO violations that arose from his employment termination from the Pink House Restaurant and the denial of unemployment benefits.  In the action, Pugh sued three restaurant owners and their related corporate entities, the commissioner of Georgia's Department of Labor, a Georgia superior court judge, a clerk for the Georgia Court of Appeals, and a Fulton County district attorney.  Pugh argues that the district court abused its discretion in dismissing his complaint as frivolous, because: (1) the complaint sufficiently alleges RICO violations; (2) judicial and Eleventh Amendment immunity do not apply to any defendants; and (3) the two-year limitation period for a § 1983 claim does not apply.  After thorough review, we affirm.

We review a district court's dismissal of a complaint as frivolous, under 28 U.S.C. § 1915(e)(2)(B)(i), for abuse of discretion.  Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).  A claim is frivolous if it is without arguable merit either in law or fact.  Id.  Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, and will, therefore, be liberally construed.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

To prevail on a civil rights action under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). A private party will be viewed as a state actor for § 1983 purposes only in rare circumstances. Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001). A plaintiff attempting to prove a conspiracy between a state actor and a private party must show that (1) the parties reached an understanding to deny the plaintiff his rights and (2) the conspiratorial acts impinge upon the federal right. Bendiburg v. Dempsey, 909 F.2d 463, 468 (11th Cir. 1990).

In order to establish a federal RICO violation under 18 U.S.C. § 1962(c), a plaintiff must satisfy four elements of proof: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. 18 U.S.C. § 1962(c). A civil RICO claimant under § 1964(c) also must show (1) injury to his business or property, and (2) that such injury was by reason of the substantive RICO violation. Simpson v. Sanderson Farms, Inc., 744 F.3d 702, 708 (11th Cir. 2014).

The limitations period for all § 1983 claims in Georgia is the two-year period set forth in Ga. Code Ann. § 9-3-33 for personal injuries. Williams v. City of Atlanta, 794 F.2d 624, 626 (11th Cir. 1986). A dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th

3

Cir.1997). Dismissal of the complaint is appropriate if the complaint, on its face, does not state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Under the Eleventh Amendment, state officials sued for damages in their official capacity are immune from suit in federal court. Jackson v. Georgia Dep't of Transp., 16 F.3d 1573, 1575 (11th Cir. 1994). The decision whether or not to prosecute, so long as the prosecutor has probable cause, generally rests entirely in the prosecutor's discretion. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). Judges are entitled to absolute immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the "clear absence of all jurisdiction." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation omitted). Under § 1983, injunctive relief is not available against a judge for an act or omission taken in his judicial capacity, unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. § 1983. Where a judge is immune from suit, an action against the judge may be subject to dismissal on frivolity grounds, as the action is completely without a legal basis. See, e.g., Sun v. Forrester, 939 F.2d 924, 925-26 (11th Cir. 1991).

Under the Rooker-Feldman doctrine, federal district courts and courts of appeals lack subject matter jurisdiction over certain matters related to previous state court litigation. Goodman ex rel. Goodman v. Sipos, 259 F.3d 1327, 1332

4

(11th Cir. 2001).  The <u>Rooker-Feldman</u> doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  <u>Nicholson v. Shafe</u>, 558 F.3d 1266, 1273 (11th Cir. 2009) (quotation omitted).

In this case, Pugh has failed to allege any activity that would qualify as racketeering activity as defined by 18 U.S.C. § 1961(1), and, therefore, has failed to allege a pattern of racketeering activity.  He also has failed to allege causation between a substantive RICO violation and any injury he suffered.  In short, he has failed to allege the basic elements of a RICO violation.

As for Pugh's § 1983 claims against the restaurant defendants, he has failed to allege how these defendants are state actors, or how they reached an understanding with officials to deny him a federal right.  <u>Griffin</u>, 261 F.3d at 1303; <u>Bendiburg</u>, 909 F.2d at 468. Furthermore, Pugh's § 1983 claims are tied to his termination from Pink House, which occurred on July 9, 2010.  Because he filed this complaint on October 10, 2013 -- more than two years after his termination -- the § 1983 claims alleging misconduct from 2010 are time-barred.  <u>Williams</u>, 794 F.2d at 626.  What's more, Pugh has made no showing as to why the statute of limitations might be tolled.

5

As for Pugh's claims against the state superior court judge who heard his appeal of the decision denying him unemployment benefits and the district attorney who failed to prosecute after Pugh reported misconduct, these defendants are immune from suit. All of the judge's actions were taken in his judicial capacity and he did not act in the clear absence of all jurisdiction. Bolin, 225 F.3d at 1239. In addition, the Eleventh Amendment bars Pugh's claims against the judge, since Pugh is suing a state official, in federal court, for damages resulting from actions taken by the judge in his official capacity. Jackson, 16 F.3d at 1575. Similarly, there is no merit to his claim against the district attorney based on a discretionary failure to prosecute, because Pugh has not alleged that the prosecutor's decision was without probable cause. Id.; Bordenkircher, 434 U.S. at 364.

As for Pugh's § 1983 claims against the Georgia Department of Labor, the superior court judge, and the Georgia Court of Appeals concerning their decisions affirming the denial of his unemployment benefits, we lack subject matter jurisdiction over these matters. What Pugh asked the district court to do, and what he is asking us to do on appeal, is review and reject the judgments rendered in previous state court proceedings. This is a violation of the Rooker-Feldman doctrine and deprives us of jurisdiction. Goodman, 259 F.3d at 1332.

As for Pugh's claims against the court of appeals clerk, Pugh sued the clerk for actions taken in her official capacity as a court clerk. Thus, Eleventh

6

Amendment immunity bars the federal court action.  <u>Jackson</u>, 16 F.3d at 1575.

Pugh has also failed to allege the deprivation of a federal right by the clerk.

<u>Griffin</u>, 261 F.3d at 1303.

In sum, Pugh's § 1983 claims for RICO violations, pursuant to 18 U.S.C. § 1964, are without arguable merit in law or fact in numerous ways.  Accordingly, the district court did not abuse its discretion in <u>sua sponte</u> dismissing his complaint under § 1915(e)(2)(B)(i) for frivolity.

**AFFIRMED.**

7