**Opinion issued October 8, 2015**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-00076-CV

_____

**ALAN NELSON CROTTS, Appellant**

**V.**

**JOHN F. HEALEY, JR. AND JEFF STRANGE, Appellees**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Case No. 14-DCV-217232**

---

## MEMORANDUM OPINION

Alan Nelson Crotts sued his local district attorney and assistant district attorney for refusing to prosecute a theft allegedly committed against him by Jessalyn Cole, the mother of his children, in a dispute over child support payments. The defendants filed a plea to the jurisdiction, which the trial court granted. Crott's

case was dismissed. In three issues, Crotts contends that (1) the trial court erred in granting the plea because the district attorney and assistant district attorney are not entitled to prosecutorial immunity, (2) this lawsuit is not an impermissible collateral attack on his child support proceeding, and (3) the trial court should not have dismissed the lawsuit "with prejudice." Because the defendants are entitled to absolute prosecutorial immunity, we affirm.

## Background

Jessalyn Cole, the mother of Alan Nelson Crotts's children, claimed Crotts owed child support. The Child Support Division of the Office of the Attorney General garnished nearly $7,000 from Crotts's income tax return for child support payments. Crotts argued that Cole was not entitled to the $7,000.

In a lawsuit for modification of the child support order, the trial court denied Crotts's request for a $7,000 credit for the alleged overpayment resulting from the garnishment. About a year after that order, Crotts reported Cole to the Sugar Land Police for theft of the $7,000 in child support Crotts claimed he did not owe. Jeff Strange, the Assistant District Attorney for Fort Bend County, informed the police he would not prosecute Cole for theft.

Crotts filed this lawsuit against John F. Healey, Jr., the Fort Bend District Attorney, and Strange for failure to prosecute Cole, alleging civil rights violations,

2

breach of contract, and abuse of process. Healey and Strange filed a plea to the jurisdiction, which the trial court granted. Crotts appeals.

## Standard of Review

A plea to the jurisdiction challenges the trial court's subject-matter jurisdiction over a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Pineda v. City of Houston*, 175 S.W.3d 276, 279 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Subject-matter jurisdiction is required for a court to have authority to decide a case and is never presumed. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–45 (Tex. 1993). The plaintiff has the burden to allege facts affirmatively demonstrating that the trial court has subject-matter jurisdiction. *Id.* at 446; *Richardson v. First Nat'l Life Ins. Co.*, 419 S.W.2d 836, 839 (Tex. 1967).

The existence of subject-matter jurisdiction is a question of law. *State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002); *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). Therefore, we review de novo the trial court's ruling on a plea to the jurisdiction. *Mayhew*, 964 S.W.2d at 928.

**Prosecutorial Immunity**

Healey and Strange argue they are entitled to "the defense of absolute prosecutorial immunity from any suit for damages," for their conduct performing discretionary duties.

Crotts disagrees, arguing that "prosecutors enjoy absolute immunity only when initiating a prosecution and in presenting the State's case." Crotts argues Healey and Strange never initiated a case, instead they "advised the Sugar Land Police Department that they would not prosecute a case. . . . In essence, [Healey and Strange] performed no duties related to their office."

**A.    Healey and Strange are entitled to absolute prosecutorial immunity**

A prosecutor, in certain circumstances, is entitled to absolute immunity from a lawsuit for damages. *Imbler v. Pachtman*, 424 U.S. 409, 411, 96 S. Ct. 984, 986 (1976); *Bradt v. West*, 892 S.W.2d 56, 71 (Tex. App.—Houston [1st Dist.] 1994, writ denied). Absolute immunity extends to both a prosecutor and to the prosecutor's deputies. *See Imbler*, 424 U.S. at 411, 96 S. Ct. at 986 (applying absolute prosecutorial immunity to deputy district attorney). To determine when a prosecutor is entitled to immunity, Texas applies a "functional approach." *Bradt*, 892 S.W.2d.at 69. This approach "focuses on the nature of the official acts of which the plaintiff complains" and shields a prosecutor for acts "intimately associated with the judicial phase of the criminal process." *Id.* at 69–70. In

applying the functional approach, "Texas courts follow federal jurisprudence." *Clawson v. Wharton Cnty.*, 941 S.W.2d 267, 271 (Tex. App.—Corpus Christi 1996, writ denied); *see Bradt*, 892 S.W.2d at 69; *Brown v. Lubbock Cnty. Comm'rs Court*, 185 S.W.3d 499, 505 (Tex. App.—Amarillo 2005, no pet.); *Oden v. Reader*, 935 S.W.2d 470, 474 (Tex. App.—Tyler 1996, no writ).

The decision on whether to initiate a prosecution is a "quintessential function" of a prosecutor "intimately associated with the judicial phase of the criminal process." *Bradt*, 892 S.W.2d at 70. Thus, "in initiating a prosecution . . . the prosecutor is immune from a civil suit for damages." *Imbler*, 424 U.S. at 430, 96 S. Ct. at 995. A prosecutor receives absolute immunity because civil liability "for his decision to initiate and pursue a prosecution could skew his decisionmaking, tempting him to consider the personal ramifications of his decision rather than rest that decision purely on appropriate concerns." *Bradt*, 892 S.W.2d at 70 (quoting *Schloss v. Bouse*, 876 F.2d 287, 289–90 (2d Cir. 1989)).

Texas law does not support Crotts's distinction between initiating and declining to initiate a prosecution. "[T]he decision not to prosecute . . . is the quintessential function of a prosecutor." *Clawson*, 941 S.W.2d at 272; *see Font v. Carr*, 867 S.W.2d 873, 876 (Tex. App.—Houston [1st Dist.] 1993, writ dism'd w.o.j.) (*citing Miller v. Curry*, 625 S.W.2d 84, 87 (Tex. App.—Fort Worth 1981, writ ref'd n.r.e.)) (recognizing "absolute prosecutorial immunity for decisions to

5

prosecute or not prosecute criminal complaints"). Public policy supports applying prosecutorial immunity when a prosecutor chooses not to initiate a prosecution because, "if the prosecutor were not immune . . . suits for civil damages could be expected with considerable frequency from disgruntled, frustrated citizens whose complaints and grievances the prosecutor, in exercising his best judgment, chose not to file and prosecute. His time, energies and resources would be seriously affected." *Miller*, 625 S.W.2d at 87. Eleven federal circuits have reached the same conclusion. *Pugh v. Balish*, 564 F. App'x 1010, 1013 (11th Cir. 2014); *Smith v. McCarthy*, 349 F. App'x 851, 859 (4th Cir. 2009); *Nedab v. Litten*, 184 F. App'x 261, 262 (3d Cir. 2006); *Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005); *Steele v. City of Bemidji*, 257 F.3d 902, 906 (8th Cir. 2001); *Ireland v. Tunis*, 113 F.3d 1435, 1446 (6th Cir. 1997); *Mendenhall v. Goldsmith*, 59 F.3d 685, 691 n.10 (7th Cir. 1995); *Guzman-Rivera v. Rivera-Cruz*, 55 F.3d 26, 31 (1st Cir. 1995); *Schloss*, 876 F.2d at 290; *Morrison v. City of Baton Rouge*, 761 F.2d 242, 248 (5th Cir. 1985); *Dohaish v. Tooley*, 670 F.2d 934, 938 (10th Cir. 1982).

Under Texas law, Healey and Strange are entitled to absolute prosecutorial immunity for their decision not to prosecute Cole. Crotts attempts to circumvent prosecutorial immunity by alleging that he in only complaining of "legal advice" Strange gave the police to not file a police report. A prosecutor is not protected by absolute immunity when giving legal advice to law enforcement. *Burns v. Reed*,

6

500 U.S. 478, 496, 111 S. Ct. 1934, 1944–45 (1991); *Font*, 867 S.W.2d at 875. In *Font v. Carr*, a bondsman sued a prosecutor for advising the sheriff to require the bondsman to show additional proof of sufficiency of security for bonds he posted. *Font*, 867 S.W.2d at 875. This Court held that this advice was not "bound up with the judicial process" and, thus, the prosecutor was not entitled to absolute prosecutorial immunity. *Id.* at 874, 876. In contrast, the advice here was intertwined with the decision not to prosecute. Crotts's petition makes clear that Healey and Strange's decision not to prosecute Cole underlies all of his asserted causes of action.[1]

This "advice" Strange gave the police was connected with the district attorney's office's decision not to prosecute. *See Koubriti v. Convertino*, 593 F.3d 459, 469–70 (6th Cir. 2010) (holding prosecutor's recommendation to police officer that he need not disclose certain evidence to defendant was not "legal advice" but rather part of decisions for which the prosecutor was entitled to prosecutorial immunity). Because Healey and Strange did not give the police any

---

[1]     In his cause of action for violation of his civil rights, Crotts complains that Healey and Strange "have refused to prosecute crimes committed against the Plaintiff in the same manner as crimes committed against others." In his cause of action for breach of contract, Crotts complains that "the Defendants substantially breached [their employment] contract, failing in whole or in part, to faithfully perform their duties, which include, but are not limited to, the diligent prosecution of crimes committed within their jurisdiction, refusing to prosecute crimes not supported by probable cause, and to see that justice is done, not merely seek convictions." In his cause of action for abuse of process, Crotts complains that "[t]he Defendant's perverted the proper use of legal process by refusing to prosecute crimes committed against the Plaintiff, thereby violating the Plaintiff's civil rights."

7

legal advice and Crotts only complains of their decision not to prosecute Cole, Healey and Strange are entitled to absolute prosecutorial immunity.

To the extent absolute prosecutorial immunity may not shield Healey and Strange from liability for breach of contract, Crotts cannot successfully assert a breach-of-contract claim against them. To successfully assert a claim for breach of contract, a contract must exist between the parties. *Graves v. Logan*, 404 S.W.3d 582, 584 (Tex. App.—Houston [1st Dist.] 2010, no pet.). Crotts claims that Healey and Strange's oaths of office constitute a contract between them and the public. No contract, however, has been entered into between Crotts and Healey and Strange; thus, Crotts cannot sue them for breach of contract. *See Price v. Schnaufer*, 81 S.W.2d 160, 160–61 (Tex. Civ. App.—Fort Worth 1935, no writ) (holding that member of public cannot assert breach-of-contract claim against police officer based on contract formed by police officer's oath of office).

Because Healey and Strange are entitled to absolute immunity, we overrule his first issue. We do not reach the issues of qualified immunity, state sovereign immunity, or Eleventh amendment immunity. Nor do we reach Crotts's second issue of whether this lawsuit constituted an improper collateral attack on the child support proceedings.

**B.      Dismissal with prejudice**

In his third issue, Crotts argues that the trial court should have dismissed his lawsuit without prejudice. Ordinarily, if the trial court grants a plea to the jurisdiction, it should not dismiss the lawsuit with prejudice until it first affords the plaintiff a reasonable opportunity to amend the jurisdictionally defective pleading. *Univ. of Tex. M. D. Anderson Cancer Ctr. v. Eltonsy*, 451 S.W.3d 478, 482 (Tex. App.—Houston [14th Dist.] 2014, no pet.). "Incurably defective claims, however, must be dismissed with prejudice." *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 846 (Tex. 2007). A dismissal of a lawsuit by granting a plea to the jurisdiction on the grounds of immunity "is with prejudice because a plaintiff should not be permitted to relitigate jurisdiction once that issue has been finally determined." *Harris Cnty. v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). Here, the jurisdictional defects are incurable: no amount of repleading will overcome absolute immunity. Accordingly, we conclude that the trial court did not err in dismissing Crotts's lawsuit with prejudice. We overrule his third and final issue.

### Conclusion

We affirm the judgment of the trial court.


Harvey Brown
Justice

Panel consists of Justices Jennings, Higley, and Brown.